Gerard EHRET and Veronica Donovan, individually and on behalf of their minor child, Margo Ehret, an infant, Plaintiffs,

v.

NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, Stanley Brezenoff, individually and as Commissioner of the New York City Department of Social Services, Claire Pearce, individually and as Assistant Commissioner of the New York City Department of Social Services, New York City Police Department, Robert McGuire, individually and as New York City Police Commissioner, Eddie Grizzel, individually and as a caseworker, New York City Department of Social Services, Charles Burgess, individually and as supervisor, New York City Department of Social Services, Jane "Doe" individually and as employees of the New York City Department of Social Services, Joseph Grossman, individually and as police officer, New York City Police Department, William Seyfried, individually and as police officer, New York City Police Department, Georgia Nurse, individually and as police officer, New York City Police Department, and "Richard Doe" and "Peter Poe" individually and as police officers of the New York City Police Department, Defendants.

No. CV 81–2042.

United States District Court, E.D. New York.

April 10, 1984.

Community Action for Legal Services by Louise Gruner Gans, New York City, for plaintiffs.

Frederick A.O. Schwarz, Jr., Corp. Counsel, City of New York by Isaac Klepfish, Asst. Corp. Counsel, New York City, for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is an action pursuant to 42 U.S.C. Section 1983 in which plaintiffs seek damages and a declaratory judgment against the defendants for entry into plaintiffs' home and removal of the child Margo Ehret by city child protection workers and police. The case was referred to Magistrate A. Simon Chrein pursuant to 28 U.S.C. Section 636(b)(1) for the handling of discovery and for a report and recommendation on any dispositive motion.

Active and detailed discovery has been proceeding for about two years. It is apparent from the papers now before the Court that discovery between the parties has taken on an increasingly vitriolic and petty tone. The Court is now presented with an appeal pursuant to Rule 25.1, subd. I(2) and (3) of the General Rules of the Eastern District from several rulings made orally by Magistrate Chrein on January 19, 1984.

At the outset the Court notes from the volume and substance of the parties' papers that both plaintiffs' and defendants' counsel appear intent on hashing over for the third time discovery disputes that are stale and settled by rulings and events. In addition, the parties now accuse each other of various minor procedural transgressions. The Court will commence by clarifying certain threshold issues. Briefly, the Court concludes that the appeal in this case was timely. The Court was apprised immeidately of defendants' intention to appeal, allowed extra time for the filing, and was kept informed of the progress of events. The Court also concludes that Magistrate Chrein's oral determinations constitute an order. Under 28 U.S.C. Section 636(b)(1)(A) and Rule 25.1, subd. I(2)(a) the Magistrate makes final determinations on discovery matters, not reports and recommendations. Under 28 U.S.C. Section 636(b)(1)(A) and Rule 25.1, subd. I(2)(b) a party may appeal a determination and the Court will review it and set aside any portion shown to be "clearly erroneous or contrary to law."

The Court recognizes that insofar as the Magistrate addressed a Rule 37 motion for partial dismissal of plaintiffs' pleadings as a penalty for discovery violations, he made a recommendation on a dispositive motion. 28 U.S.C. 636(b)(1)(B); Rule 25.1, subd. I(3)(a) and (b). Nevertheless, as the Magistrate did not dispose of any claims and the dismissal sanction was only a part of the discovery controversy, the Court will address it together with the other Rule 37 issues.

The issue before the Court is Magistrate Chrein's refusal to impose sanctions against either plaintiffs or defendants on their cross-motions pursuant to Rule 37(b)(2), Fed.R.Civ.P., and denial of further discovery. Defendants contend that plaintiffs "engaged in unrelenting obstructionism" in their discovery responses, most especially in the matter of producing medical records. There was also the contretemps over a plaintiff's psychiatrist's continued existence among the living. Of real significance, however, is the Magistrate's finding that plaintiffs' counsel had been less than forthcoming and forthright in making discovery responses. Plaintiffs countered that defendants' responses to various forms of discovery requests had been dilatory and less than complete, causing plaintiffs to suffer prejudice. In denying both motions the Magistrate noted that apart from costing each other extra time and effort, counsel had over the course of their discovery battles wasted the time and burdened the resources of the court. Finally, he ordered that no further discovery would be had and all outstanding discovery matters should be cleared up by the parties with General Rule 3(f) firmly in mind.

It is apparent from a reading of the transcript that Magistrate Chrein was fully familiar as a participant with the history of the discovery proceedings in this case. It is also clear that he weighed fault, prejudice and costs for both sides and found they balanced equally, hence his denial of sanctions for both movants. Defendants now ask the Court to reverse the denial of their request for sanctions and dismiss plaintiffs' damage claims or assess costs against them. Plaintiffs ask for affirmance of that part of the Magistrate's order favorable to them and reversal of the denial of their request for sanctions. They ask that this Court impose unspecified sanctions, presumably an assessment of costs, or allow plaintiffs additional discovery.

■ Rule 37, Fed.R.Civ.P., allows the Court a range of sanctions extending from an order compelling discovery to levying costs and fees to striking of pleadings and outright dismissal. It is usually only in the instance of repeated defiance of express court orders, *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062 (2d Cir.1979), or a blatant failure to prosecute as evidenced by a refusal to make discovery, *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980), that the harshest sanctions will be considered appropriate. While the parties' discovery responses in this case have fallen short of ideal, there is nothing in the Magistrate's findings or the record of proceedings presented to Court that would warrant the striking of plaintiffs' pleadings pursuant to Rule 37(b)(2)(C), Fed.R.Civ.P. At worst, there was a pattern of delay and overly narrow interpretation of the interrogatories on the part of the plaintiffs. Their behavior, however, did not rise to the level of presenting a complete or near complete barrier to effective discovery or otherwise threatening the judicial system. Accordingly, there is no basis for striking of plaintiffs' pleadings as a Rule 37 sanction. *See, Litton Systems, Inc. v. American Telephone and Telegraph Co.*, 700 F.2d 785, 828 (2d Cir.1983). The Magistrate's well-reasoned determination on this point is, therefore, endorsed and adopted by the Court.

■ Turning to the Magistrate's denial of cost sanctions under Rule 37(b)(2) against both sides, the Court again concludes that the Magistrate's determination must be affirmed. As noted earlier, Magistrate Chrein is well acquainted with the entire course of discovery in this case. While the use of sanctions is an exercise of

discretion by the Court, certain principles control. The purpose of empowering the courts to impose sanctions is to allow them to penalize conduct that warrants it and in so doing deter others from the same conduct. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980); *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976). The power of the courts is limited by the standards contained in Rule 37(b)(2), Fed.R.Civ.P., requiring that any sanction imposed must be "just" and be specifically related to the particular claim at issue in discovery.[1] *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 102 S.Ct. 2099, 2107, 72 L.Ed.2d 492 (1982). Finally, the courts exercise their discretion based on the record as a whole.

 It is clear from a reading of the transcript of the proceedings before the Magistrate that he found both parties to be at fault. He characterized their behavior as "nitpicking" and "playing hardball" and concluded that both sides had legitimate grievances against the other (Tr. 44–45). Therefore, under the principle of applying sanctions justly, as well as the inherent equities involved, the Magistrate denied the awarding of costs to both sides and further discovery, as it was within its discretion to do. *See, Litton Systems, Inc. v. AT & T,* 700 F.2d at 827–28. There is nothing in his denial of these sanctions that violates any of the principles propounded by the Supreme Court under rule 37(b)(2). Moreover, the Court finds nothing erroneous in the Magistrate's decision, especially in light of the history of discovery in this case.

Nevertheless, the Court is troubled by the behavior of counsel. It is laudatory that salaried lawyers working for the municipal government and community legal services should dedicate so much interest and energy to their representation in this case. But their activity in this matter has taken on a contentiousness that is on the verge of degenerating into bickering and mudslinging. It has certainly resulted in a reprehensible squandering of judicial resources. As Magistrate Chrein observed, the Rule 37 motions before him were frivolous and contained mostly unnecessary rehashing of arguments over material already provided. The appeal of his determination only compounds the first sin.

Magistrate Chrein's determination of January 19, 1984 is affirmed in all respects. The Court reiterates his command that all outstanding discovery be completed forthwith.

SO ORDERED.

---

**1.** The principle that the sanction must be germane to the claim is relevant to instances where a claim is dismissed or taken as admitted as a penalty under rule 37(b)(2). It is not strictly relevant to the matter of assessing costs and fees under Rule 37(b)(2).