**William J. WORK, and Rohm and Haas Company, Plaintiffs,**

**v.**

**Peter BIER, Rudolf Binsack, and Bayer Aktiengesellschaft, Defendants.**

**Civ. A. No. 84–3500.**

United States District Court, District of Columbia.

Oct. 28, 1985.

Michael B. Fein, Carl W. Battle, Rohm & Haas Co., Philadelphia, Pa., and Joseph M. Skerpon, Dale Hoscheit, Banner, Birch, McKie & Beckert, Washington, D.C., for plaintiffs.

Frank E. Robbins, James R. Laramie, Robbins & Laramie, Washington, D.C., and Peter F. Felfe, Felfe & Lynch, New York City, for defendants.

### MEMORANDUM OPINION AND ORDER

ARTHUR L. BURNETT, SR., United States Magistrate.

Before the Magistrate are plaintiffs' motion for sanctions with respect to Dr. Peter Bier's alleged failure to appear for a continuation of his deposition on June 19, 1985 and the related motion to compel answers to plaintiffs' fourth set of interrogatories directed to issues involving Dr. Bier's nonappearance at the scheduled continued deposition and the future availability of Dr. Rudolf Binsack to appear at a deposition voluntarily before a Consular Officer at the U.S. Embassy in Bonn, Federal Republic of Germany, or to come to the United States if not too ill. Counsel appeared before the undersigned U.S. Magistrate on October 3, 1985 and were heard on these motions and all other pending discovery issues. The Magistrate has again reviewed the court record, and this Memorandum Opinion and Order will dispose of all discovery disputes between the parties, except for one (1) matter pending before the Court on an appeal from a prior ruling of the U.S. Magistrate.[1]

■ After a careful review of the court record, including the parties' memoranda of points and authorities, the exhibits attached, and the argument of counsel, the Magistrate concludes that the misunderstandings of counsel or the tactics and strategy of counsel do not warrant the imposition of sanctions with respect to the effort to continue Dr. Peter Bier's deposition in the United States. Counsel for the defendants are correct in construing the Magistrate's Memorandum Opinion and the Order of May 2, 1985 as giving the defendants the option of appearing in the United States to submit to depositions or voluntarily appearing before a consular officer in the United States Embassy at the Bonn in the Federal Republic of Germany, provided the Federal Republic of Germany interposed no objection after being seasonably notified, and provided that the scope of the deposition, and the law of privileges to be applied, would be exactly the same as if the depositions were physicaly being taken in

---

1. On May 20, 1985 plaintiff filed an appeal of that portion of the Magistrate's ruling which allowed discovery of plaintiff William J. Work and other Rohm and Haas attorneys, agents or employees who may have information concerning concealment of information concerning "best mode" or any other factual matters relevant to whether the Work application was adequate for the Patent and Trademark Office to issue a United States patent. See Docket No. 94.

the District of Columbia. The Magistrate finds no basis for inferring an intentional refusal by Dr. Peter Bier or Bayer Aktiengesellschaft (hereinafter Bayer AG) to submit to deposition or any evidence of bad faith on the part of Dr. Bier or Bayer AG's representatives or their counsel in this case. Thus, such cases as *Dellums v. Powell,* 566 F.2d 231 (D.C.Cir.1977), *Xaphes v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 102 F.R.D. 545 (D.Maine 1984), and *Hall v. Leon County Supply Company, Inc.,* 84 F.R.D. 372 (N.D.Fla.1979) are inapposite. Entry of judgment by default for alleged discovery abuse should be a last resort, see discussion in *Xaphes, supra* at 550–51, and should be granted only when the record is clear that there has been an intentional refusal to comply with discovery orders of the court or there is clear evidence of bad faith in the record. Such is not the case here, and the posturing or maneuvering of counsel for discovery advantage or because of travel inconvenience or expense involved should not be the basis for the imposition of such a severe sanction against a party. For the foregoing reasons, it is now hereby this 28th day of October, 1985,

ORDERED:

1. That plaintiffs' motion for sanctions, filed July 12, 1985, be and is hereby DENIED as well as the request for an award of reasonable expenses, including attorneys' fees and costs.

2. That plaintiffs' motion to compel answers to their Fourth Set of Interrogatories, filed July 16, 1985, be and is hereby DENIED, as mooted by defendants' response to the motion for sanctions, subsequent filings, and representations in the hearing before the Magistrate on October 3, 1985.

3. That in view of two (2) days of deposition of Dr. Peter Bier on June 14 and 15, 1985, and the representation by Michael B. Fein, Esq. that he had finished the deposition of Dr. Bier, except for matters involving the reasons for changes in the claims and specifications of the patent applications at issue, and based on the Magistrate's ruling on attorney-client privilege thereon, that any further deposition of Dr. Peter Bier occur in the Federal Republic of Germany as hereinafter provided, and shall be limited to whether Dr. Bier had or knew of any reason, independent of advice of counsel, for changing the language of the claims in his patent applications in the United States.[2]

4. That counsel for the defendants proceed promptly to notify the German Ministry of Justice or other appropriate officials of the Federal Republic of Germany that it is the intent of Dr. Peter Bier and Dr. Rudolf Binsack voluntarily to agree to depositions before a Consular Officer at the Embassy of the United States of America in Bonn, Federal Republic of Germany, and to determine if the Government of the Federal Republic of Germany will object or not, endeavoring to obtain a response no later than November 25, 1985, and if there is no objection,[3] then the defendants shall make arrangements for said depositions to be conducted before a Consular Officer at the Embassy of the United States of America in Bonn, Federal Republic of Germany, so that they may be completed no later than December 20, 1985, and each party is to bear his or its own expenses and expenses of counsel in connection with the aforesaid depositions.

2. According to the deposition, Mr. Fein stated: "I need the Magistrate's ruling before I can continue the deposition. I will have further questions after the Magistrate's ruling, if he rules in my favor. If he doesn't rule in my favor though, then I don't think I have any further questions." Bier Deposition, p. 281, lines 10–15.

3. It is noted that in the defendants' opposition to plaintiffs' motion for clarification and defend- ants' motion under Rule 11, filed August 26, 1985, at page 9, counsel explicitly represented: "* * * there are no reasonable grounds for doubting they [the defendants] will care for the appropriate notice to the German government at the proper time. In fact, they have had informal contacts with the German Ministry of Justice on this very question and have been assured that such depositions would pose no problem."

5. Should plaintiffs intend to take any further Rule 30(b)(6) depositions of Bayer AG in addition to the depositions of Dr. Petrovicki and Dr. Bier, conducted June 12–15, 1985, through any of its other agents or employees, while in the Federal Republic of Germany, counsel for the plaintiffs shall file a "Notice of Intent" no later than November 5, 1985, and counsel for the defendants shall promptly notify appropriate officers of the Federal Republic of Germany and follow the same procedures as applicable to Dr. Peter Bier and Dr. Rudolf Binsack, and such further Rule 30(b)(6) depositions shall be conducted before a Consular Officer so as to be completed by December 20, 1985; should plaintiffs fail to pursue timely this discovery, they shall be precluded from undertaking such discovery at a later date, absent an Order of the Court expressly so allowing based on exceptional cause shown.

6. The defendant's motion for a Protective Order pursuant to Rule 26(c), filed July 31, 1985, to the extent provided in this Order, is hereby GRANTED, and is further GRANTED to require plaintiffs to have translated in advance all foreign language documents counsel for the plaintiffs will refer to in the course of future depositions, this to be done at the expense of the plaintiffs, to require counsel for the plaintiffs to locate in advance all documents, to the extent within their possession and control, they will use in the examination of deposition witnesses, and to require counsel for plaintiffs to use the defendants or defendant Bayer AG Rule 30(b)(6) witnesses only for authentication of documents, to confirm his understanding of their contents, or for proper cross-examination or impeachment, but not to search for and find particular documents which are already in plaintiffs'

possession and control, or to translate documents which have already been produced to the plaintiffs during pretrial discovery. In all other respects, such as fixing the duration of depositions, setting fixed schedules, the duration of lunch breaks and other recesses, the motion for Protective Order is DENIED, but counsel are expected to act in good faith and fully cooperate with each other as to such matters so that all discovery in this case may be completed by December 20, 1985, except for discovery of the plaintiffs pending in the matter on appeal to the Court.

7. With reference to the Magistrate's prior ruling that all Bayer AG documents produced by the defendants marked "Confidential Information" shall be maintained in the Washington, D.C. office of counsel Dale H. Hoscheit, Esq. and that no such documents or records, or copies thereof, shall be taken to any premises of Rohm and Haas, this aspect of the ruling is hereby modified to permit counsel for the plaintiffs to make and take copies of such documents and records with them for the purpose of use at any deposition or depositions they may take in the Federal Republic of Germany prior to December 20, 1985 pursuant to this Memorandum Opinion and Order.

8. The plaintiffs' motion for clarification, filed August 19, 1985, is hereby DENIED as moot in view of the provisions of this Order set forth above, especially in view of the defendants' counsel's representations that the deposition of Dr. Rudolf Binsack in Germany before an American Consular Officer would be truly "voluntary" and would be of the "same scope" as if it were physically being taken in Washington, D.C.[4]  Defendants' motion under

---

**4.** The Magistrate hereby rejects plaintiffs' rationale for insisting on all depositions being held in Washington, D.C., i.e. they do not wish to be subjected to any expense or inconvenience above those normal for taking of depositions in this district. Plaintiffs brought this suit. The defendants are not before this court by choice, but because plaintiffs brought suit here. Plaintiffs cannot now complain if they are required to take some discovery in the Federal Republic of Germany. The Magistrate fully agrees with

counsel for the defendants to the effect that the universally accepted rule in federal litigation is that, in the absence of special circumstances (such as an impoverished plaintiff and a very affluent defendant), a party seeking discovery must go where the desired witnesses are normally located, noting specifically the authorities they cite, *Salter v. The Upjohn Company,* 593 F.2d 649, 651 (5th Cir.1979), *Dunn v. Standard Fire Insurance Company,* 92 F.R.D. 31 (E.D.

Rule 11 for an award of reasonable expenses, including attorneys' fees, in connection with their opposition to plaintiffs' motion for clarification, is also DENIED, but future conduct by counsel, for any party, delaying or obstructing the completion of discovery, without justification, subject to being construed as bad faith, will result in imposing sanctions of an award of attorneys' fees and other reasonable expenses and costs. Cf. *Xaphes v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 102 F.R.D. 545 (D.Me.1984). *See also, Ehret v. New York City Department of Social Services*, 102 F.R.D. 90, 92–93 (E.D.N.Y.1984), where the Magistrate there denied cost sanctions under Rule 37(b)(2) because both parties were at fault, but where the court in reviewing the Magistrate's rulings clearly intimated that if one side only had been responsible for the pattern of delay and obstructive conduct toward normal discovery, then such a sanction would have been proper. To paraphrase Judge Wexler in *Ehret,* the activity of counsel in this case has taken on a contentiousness that is on the verge of degenerating into "bickering and mudslinging" and has certainly resulted in a "reprehensible squandering of judicial resources." *Id.* at 93. Applying this rationale to the instant case, the Magistrate concludes that plaintiffs' counsel have been more responsible for the discovery impasse and problems than counsel for the defendants in view of the clear language in this Magistrate's previous Memorandum Opinion and in the separate Order of May 2, 1985 that the defendants had the option to appear in the United States for depositions or to voluntarily submit to depositions before a Consular Officer at the U.S. Embassy in Bonn, Federal Republic of Germany, and in the manner in which counsel for the plaintiff conducted the depositions of Dr. Petrovicki and Dr. Bier. Counsel for the plaintiffs are hereby expressly admonished that their conduct will be closely scrutinized in the future to determine if their conduct complies both with the letter and spirit of the Federal Rules of Civil Procedure and with the express provisions of the Orders of the Magistrate and of the Court. Counsel shall cease sparring and get on with the conduct and completion of pretrial discovery in this case, all such discovery to be completed by December 20, 1985 except as otherwise provided by any subsequent Order of the Court.

Tenn.1981), and 8 Wright and Miller, Federal Practice and Procedure, § 2112, at p. 410 and cases there cited. In this case, there are substantial corporations on both sides in this litigation and thus no special allowance for financial condition need to be made as to either of them. Absent exceptional circumstances, the deposition of a defendant corporation by its agents and officers should ordinarily be taken at its principal place of business.