**Michael FARQUHAR, Plaintiff,**

v.

**Francis Duffield SHELDEN and Dyer Grossman, Defendant.**

**Civ. A. No. 86–CV–30108–PH.**

United States District Court,
E.D. Michigan, S.D.

May 14, 1987.

Frank Mitchell, Jr., William R. Walsh, Jr., Port Huron, Mich., for plaintiff.

Michael N. Golob, Farmington Hills, Mich., for defendant.

## ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER

CHARLES E. BINDER, United States Magistrate.

Pending, pursuant to an Order of Reference from United States District Judge James Harvey is a motion by defendant Shelden for a protective order, pursuant to F.R.C.P. 26(c). This motion has its genesis in plaintiff's notice of taking Shelden's deposition, setting the deposition for the City of Farmington Hills, Michigan. Shelden is a citizen and resident of the Netherlands, and requests in this motion that a protective order issue requiring plaintiff to take defendant Shelden's deposition in Amsterdam.

Jurisdiction is premised upon diversity of citizenship. This case was removed from St. Clair County, Michigan, Circuit Court, August 20, 1986. Plaintiff seeks damages from both the named defendants,[1] based upon allegations that the defendants sexually abused the plaintiff during the years 1974 and 1976 in St. Clair County and on an island in Lake Michigan, on which was located "Brother Paul's Children's Mission," which defendant Shelden is said to have directed.

Defendant Shelden's personal history is both rather unique and, more importantly, of relevance to the instant motion.[2] Shelden was born in 1928 and inherited considerable wealth from his father and grandfathers. By the middle 1970's, he owned approximately two million dollars in marketable securities, along with a condominium and land in northern lower Michigan. In July, 1976, Shelden received a telephone call from defendant Grossman. Defendant Grossman suggested that Shelden should leave the country. Shelden did so, and in the process, executed an irrevocable trust covering many of his assets.[3] Shelden later learned that the State of Michigan had issued criminal warrants for his arrest. Counsel have represented that during 1977 or 1978, criminal sexual conduct charges were filed against Shelden in St. Clair County, Michigan. It is believed that similar charges were filed against Shelden in Grand Traverse County. In addition, counsel represent that a federal fugitive warrant was obtained.

In support of his motion, Shelden maintains that without significant inconvenience, plaintiff can make use of the Hague Convention[4] and secure Shelden's testimony where he resides. Defendant Shelden represents that he has previously indicated in writing to the plaintiff that he will voluntarily make himself available for deposition in the Netherlands; and, at oral argument, defendant further represented through counsel that he would post a bond or otherwise secure plaintiff's costs for this deposition. Shelden points out that his deposition was taken in the Netherlands in other litigation (See Footnote 2), pursuant to the Hague Convention, and that both this Court and the Sixth Circuit gave that deposition testimony evidentiary weight. Shel-

---

1. The instant motion involves only defendant Shelden. Plaintiff's repeated attempts to serve defendant Grossman have been unsuccessful and at the hearing on this motion, counsel for plaintiff represented that defendant Grossman would shortly be voluntarily dismissed.

2. This is not the first litigation in which Shelden has been involved. See *National Bank of Detroit v. Shelden*, 730 F.2d 421 (6th Cir.1984). Much

of what follows has been gleaned from the facts of that case.

3. That trust instrument and its aftermath ultimately gave rise to the *National Bank of Detroit, supra* case.

4. See Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, opened for signature March 18, 1970, 23 U.S.T.

den asserts that it would therefore be an abuse of discretion for this Magistrate to order a citizen of the Netherlands to travel to a foreign country for his deposition.

Plaintiff strenuously maintains that Shelden's deposition can only be properly taken in the United States. Plaintiff argues that the balancing of the equities favors deposition in the United States. According to plaintiff, the grant of defendant's motion would necessitate not only the imposition of tremendous costs upon a relatively impecunious plaintiff, but would impose severe inconvenience upon both the plaintiff himself and his counsel. Counsel represents that plaintiff himself, along with co-counsel and a court reporter, must all be brought to Amsterdam if Shelden's deposition is to be properly taken. Plaintiff points to defendant Shelden's considerable wealth and asserts that the travel of a single individual, Shelden himself, to a deposition in Michigan would involve considerably less cost, delay and inconvenience. Plaintiff also notes that the deposition of Shelden, referred to by defense counsel, was a *de bene esse* deposition by Shelden's own counsel, taken for the benefit of defendant himself.

■ A notice for the taking of a deposition sent to all parties is all that is necessary to require attendance of parties at their depositions. A subpoena is not necessary if the person to be examined is a party. Wright and Miller, *Federal Practice and Procedure: Civil*, Sec. 2107. Thus, Rule 45(d)(2) is not applicable to depositions of parties. *See* 4A *Moore's Federal Practice* Sec. 30.55[1], at 30–67; 5A *Moore's Federal Practice* Sec. 45.08, at 45–81 & Para. 45.07[1], at 45–60. Instead, an "examining party may set the place for the deposition of another party wherever he wishes subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place." Wright and Miller, *supra* at Sec. 2112.

■ It is within the discretion of the court to designate the location for a taking

of depositions, and each application must be considered on its own facts and equities. *Terry v. Modern Woodman of America,* 57 F.R.D. 141 (W.D.Mo.1972). While a court may order a defendant to appear at any convenient place, case law indicates that "it will be presumed that the defendant will be examined at his residence or place of business or employment." 4 *Moore's Federal Practice* Sec. 26.70[1–3], at 26–514 and cases cited therein.

■ From these principles has evolved the rule that in federal litigation, in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located. *Salter v. Upjohn Co.,* 593 F.2d 649, 671 (5th Cir.1979), *Dunn v. Standard Fire Insurance Co.,* 92 F.R.D. 31 (E.D.Tenn.1981) *General Leasing Co. v. Lawrence Photo-Graphic Supply,* 84 F.R.D. 130 (W.D.Mo. 1979). Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum. The defendants, on the other hand, are not before the court by choice. Thus, courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum. *See Work v. Bier,* 107 F.R.D. 789, 792 (D.C.1985). Indeed, some cases have held that a claim of financial hardship, taken alone, does not demonstrate the exceptional or compelling circumstances necessary to alter this rule. *General Leasing Co., supra* at 131. While the location of the parties themselves is a primary factor, locations of their attorneys is also a relevant consideration. *Haymes v. Columbia Pictures Corp.,* 16 F.R.D. 118, 123 (S.D.N.Y.1954).

In *Hyam v. American Export Lines,* 213 F.2d 221, 223 (2d Cir.1954), Justice (then Judge) Harlan, held that a judicial officer "may order the deposition to be taken, if not at the forum, at an appropriate distant place under terms whereby the reasonable expense thereof may ultimately be reflected in the taxable costs." In *Huynh v. Werke,* 90 F.R.D. 447 (D.C.Ohio 1981), the

2555, TIAS No. 7444, reprinted at 28 U.S.C. Sec. 1781 (West Supp.1986).

court ordered that plaintiff travel to West Germany to depose corporate employees of defendant, but required the defendant to advance plaintiff one-half the total reasonable travel expenses required for the depositions, deeming this amount to be taxed as costs of litigation in favor of the prevailing party. See also *Yannitelli v. Navieras de Puerto Rico*, 103 F.R.D. 413, 417 (S.D.N.Y. 1984).

■ After considering the arguments advanced by both parties, and in light of defendant Shelden's willingness to be deposed in the Netherlands, his offer to advance plaintiff the cost of deposing him in the Netherlands, and his demonstrated ability to be deposed there, I fail to discern a compelling reason why I should depart from the general rule requiring a defendant to be deposed where he resides.[5] Plaintiff, through conscious choice, brought suit in this country. Although defendant removed the case to this court, it cannot properly be said that he is now before this court by choice, since plaintiff filed this lawsuit to begin with. Making use of the Hague Convention, defendant Shelden has been successfully deposed during the course of previous litigation. No evidentiary barriers to the use of that testimony were raised either by this court or by the Sixth Circuit. In this case, Shelden offered plaintiff the same terms, and more. Plaintiff refused. Under the circumstances, I fail to see why the same procedures cannot again be utilized. Of course, various sanctions under the Federal Rules of Civil Procedure remain available to plaintiff in the event Shelden refuses to attend his deposition, or otherwise improperly obstructs its progress.

Accordingly, for the reasons set forth above, IT IS ORDERED that DEFENDANT'S MOTION FOR PROTECTIVE ORDER IS GRANTED. Plaintiff shall conduct defendant Shelden's deposition in Amsterdam, the Netherlands, at a location, date and time to be agreed upon by the parties, but no later than 120 days from the date hereof.

IT IS FURTHER ORDERED that defendant Shelden shall advance to plaintiff the cost for the deposition, which shall be deemed to be taxed costs of litigation in favor of the prevailing party.

Review of this Order is governed by Rule C–4(a) and Rule 10(c) of the *Local Rules of the United States District Court for the Eastern District of Michigan*.

IT IS SO ORDERED.

---

**5.** At oral argument, counsel for Shelden points out that the defendant's return to the United States for his deposition could subject him to immediate arrest and possible incarceration on the outstanding criminal warrants against him. Although this contention may indeed be correct, I note that the United States and the Netherlands have entered into a treaty providing for the extradition of persons between these two countries. See Extradition Treaty Between the United States of America and the Kingdom of the Netherlands, TIAS 10733. The parties are in dispute as to whether proceedings to extradite Shelden have been undertaken during the approximately ten years he has been outside the United States. Whether or not such proceedings have been initiated, I do not deem it appropriate for this court to undertake, through a discovery order in a civil case, actions which federal and state prosecutors were either unwilling or unable to accomplish themselves.