**CHAMPION INTERNATIONAL CORPORATION, Plaintiff,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, et al., Defendants.**
**(Two Cases)**

**Nos. 87 Civ. 1634 (WCC), 88 Civ. 5041 (WCC).**

United States District Court,
S.D. New York.

Oct. 6, 1989.

---

See also, 701 F.Supp 409.

Anderson Kill Olick & Oshinsky, P.C., New York City, for plaintiff, Champion Intern. Corp.; Eugene R. Anderson, Kevin Walsh, Jay B. Spievack, of counsel.

Bower & Gardner, New York City, for defendant, Unigard Sec. Ins. Co.; Thomas R. Newman, Sidney Rosen, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

### Background

This diversity action concerns a dispute over product liability insurance coverage between plaintiff Champion International Corporation ("Champion"), a manufacturer and distributor of building products, and Liberty Mutual Insurance Company ("Liberty Mutual"). The Court rendered an opinion on November 14, 1988, amended December 19, 1988, dismissing Champion's motion for summary judgment. Familiarity with that opinion is presumed. Champion then filed a second amended complaint to assert claims against various insurance companies, including Unigard Security Insurance Company ("Unigard"). The action is presently before the Court on Unigard's motion for summary judgment.

### Discussion

I. The Standard for Summary Judgment

■ A party seeking summary judgment must establish that "there is no genuine issue as to any material fact." Fed.R. Civ.P. 56(c); *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). It must demonstrate that there is a "genuine issue for trial." *Id.* at 587, 106 S.Ct. at 1356. "In considering the motion, the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight*, 804 F.2d at 11. The inquiry under a motion for summary judgment is thus the same as that under a motion for a directed verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

II. Applying the Standard

■ Unigard moves for summary judgment, arguing that it did not extend coverage to Champion during the time covering either the date of sale, delivery, or manufacture of the defective plywood.

In its opinion of November 14, 1988, the Court dismissed Champion's motion for summary judgment. In that opinion, the Court did not distinguish the concept of

"occurrence" for the calculation of deductibles from the concept of "occurrence" for the triggering of coverage under a given insurance policy. However, subsequent cases have indicated that perhaps such a distinction should be drawn. *See Uniroyal, Inc. v. Home Ins. Co., et al.,* 707 F.Supp. 1368 (E.D.N.Y.1988).

At a conference dated September 25, 1989, Champion indicated that discoverable material would evidence what Liberty Mutual meant by the term "occurrence" for the purpose of triggering coverage. The Court permitted plaintiff the opportunity to discover information which may create an issue of fact concerning the trigger "occurrence."

Because the Court has not yet ruled on what activates a policy's coverage, and because the Court has allowed plaintiff the opportunity to discover information relevant thereto, it cannot now be conclusively determined that Unigard is exempt from coverage for the damage incurred by the Regency Park homeowners. Accordingly, summary judgment is denied without prejudice to a renewal of the motion following an adequate opportunity for such discovery.

### Conclusion

For the reasons set forth above, Unigard's motion for summary judgment is denied.

SO ORDERED.