**CHAMPION INTERNATIONAL CORPORATION, Plaintiff,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, et al., Defendants (Two Cases).**

Nos. 87 Civ. 1634, 88 Civ. 5041.

United States District Court, S.D. New York.

Dec. 21, 1989.

See also, D.C., 129 F.R.D. 63.

Anderson Kill Olick & Oshinsky, P.C., New York City, for plaintiff; Eugene R. Anderson, Kevin Walsh, Jay B. Spievack, of counsel.

Skadden, Arps, Slate, Meagher & Flom, New York City, for defendant, Liberty Mut. Ins. Co.; Peter J. McKenna, of counsel.

Gladstein & Isaac, New York City, for defendant, Northbrook Excess Surplus Lines Ins. Co.; Emily Diamond, of counsel.

Siff, Rosen & Parker, P.C., New York City, for defendant, Intern. Surplus Lines Ins. Co.; Robert F. Walsh, John H. Somoza, of counsel.

Ford Marrin Esposito & Witmeyer, New York City, for defendant, Continental Cas. Co.; Victor G. Gleser, Charles A. Booth, David M. Somlyo, of counsel.

Bower & Gardner, New York City, for defendant, Unigard Sec. Ins. Co.; Sidney Rosen, of counsel.

Mendes & Mount, New York City, for defendant, Lloyds & London Market Insurers; Robert M. Flannery, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

### BACKGROUND

Plaintiff Champion International Corporation ("Champion") brought this action seeking indemnification from various insurance company defendants ("the defendants") under standard form Comprehensive General Liability (CGL) and Excess Liability policies (collectively, "the policies") for property damage arising from products sold by Champion. The defendants have denied coverage, in whole or in part, for claims arising from the settlement of two lawsuits against Champion, *Regency Park Townhouse Ass'n v. Blackwell Homes,* and *Larson Mfg., Inc. v. Champion Int'l Corp.*[1] The two underlying lawsuits involved the delamination of two Champion products, Malaysian Plywood, a plywood product finished with a mahogany veneer, and Michigan Novoply, a particle board product.

The Court has twice denied summary judgment in this action, *Champion Int'l Corp. v. Liberty Mut. Ins. Co.,* 721 F.Supp. 594 (S.D.N.Y.1989), and has accepted as modified Magistrate Michael H. Dolinger's September 14, 1989 discovery rulings.[2] Familiarity with these opinions is presumed.

The action is presently before the Court on defendants' objections to Magistrate

---

1. Champion settled the two claims for approximately three million dollars and is suing six insurers for repayment of that sum plus defense costs.

2. In his September 14, 1989 rulings, Magistrate Dolinger requested further submissions and reserved decision on two additional matters which are the subject of the instant motion.

Dolinger's second Discovery Order, dated October 31, 1989 ("the Order"), which (1) granted plaintiff's discovery request as to reserve information and (2) limited plaintiff's request for "similar claims" information to one-day depositions of each defendant to explore the state of its recordkeeping and filing procedures for the purpose of determining whether any sampling procedure is feasible. The defendants dispute both rulings.[3] The Court hereby affirms the Magistrate's Order.

## DISCUSSION

The Court referred Champion's motion to compel discovery to Magistrate Michael H. Dolinger pursuant to 28 U.S.C. § 636(b)(1)(A). Rule 72(a), Fed.R.Civ.P., provides that this Court may modify or set aside only those portions of a Magistrate's non-dispositive order which are "clearly erroneous or contrary to law." *See also* 28 U.S.C. 636(b)(1)(A); *Ehret v. New York City Dep't of Social Servs.,* 102 F.R.D. 90 (E.D.N.Y.1984).

Moreover, in this Circuit, the Magistrate is afforded broad discretion and his decision will be overruled only if that discretion is abused. Therefore, "a litigant who seeks to overturn a magistrate's discovery order 'bears a heavy burden.'" *Empire Volkswagen, Inc. v. World–Wide Volkswagen, Corp.,* 95 F.R.D. 398, 399 (S.D.N.Y. 1982) (quoting *Citicorp v. Interbank Card Ass'n,* 478 F.Supp. 756, 765 (S.D.N.Y. 1979)), *aff'd,* 814 F.2d 90 (2d Cir.1987); *see Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc., et al.,* 125 F.R.D. 51 (S.D.N.Y. 1988).

*"Similar Claims" Information*

■ Plaintiff requested that the defendants produce files or other documents reflecting how they have handled other insureds' claims that could be considered similar to the claims of the plaintiff. Plaintiff reasoned that such disclosure may demonstrate defendants' prior inconsistent interpretations of the relevant policy provisions. Defendants argued that the term "similar" had not been defined in any meaningful manner and that their files are not structured in such a way as to conduct the type of search necessitated by plaintiff's request except at an excessive cost of manpower and money.

Magistrate Dolinger recognized the relevance of "similar claims" information to the instant coverage issue by noting that "a number of courts ... have ordered production—at least on a sample basis—of other insureds' files." The Magistrate further stated that it was in recognition of these cases that this Court directed the parties to address whether some form of sampling might be feasible. Nonetheless, the Magistrate found plaintiff's definition of "similar" too vague to justify what might entail a massive effort by defendants in searching for files of comparable claims.[4]

However, the Magistrate concluded that plaintiff's failure to tailor its request adequately was in part due to defendants' withholding of any meaningful discovery on the state of their files or the accessibility of documents that would meet the purposes of plaintiff's request.

Believing plaintiff's request to be preliminarily appropriate, albeit undefined due in part to defendants' lack of cooperation, the Magistrate was reluctant to deny that request with prejudice. Instead, the Magistrate reached a middle ground, allowing

---

**3.** Only two defendants, Liberty Mutual Insurance Company ("Liberty Mutual") and Unigard Mutual Insurance Company ("Unigard"), have filed objections to that portion of the Order concerning "similar claims" information. The remaining defendants, Allstate Insurance Company as a successor to Northbrook Excess Surplus Insurance Company ("Northbrook"), Certain Underwriters of Lloyd's London ("Lloyds"), Continental Casualty Company ("Continental"), and International Surplus Lines Insurance Company ("ISLIC"), have joined in the objections of Liberty Mutual. Lloyds has, however, submitted its own reply. ISLIC filed a separate objection to that portion of the Order requiring the production of reserve information and Continental filed its own reply memorandum. All defendants are referred to collectively as "the defendants."

**4.** As to plaintiff's amended request at oral argument for production of particular files, the Magistrate found it entirely unclear as to why they were relevant.

plaintiff limited discovery through one-day depositions of each defendant to inquire into the state of its record-keeping and filing procedures for the purpose of determining whether any sampling procedure might be feasible.

Defendants object to the order on the grounds that (1) the order flies in the face of the Magistrate's own concession that "plaintiff has offered no meaningful definition of similarity" and merely "listed, without explanation, a series of case files that its counsel wishes to see," an approach that "obviously falls well short of what is necessary to justify production," thereby ignoring the movant's burden of proof in seeking an order compelling discovery; (2) the Magistrate penalized defendants for not demonstrating that plaintiff's request was inappropriate, thereby reversing the usual burden of proof regarding discovery; (3) the specified files plaintiff seeks are not "similar" and that they are, for the most part, the subject of reported court decisions wherein defendants' prior position is cited; and (4) how defendants handled the claims of other insureds is irrelevant and, in any event, burdensome.

Clearly, the Order does not contradict the Magistrate's acknowledgement that plaintiff, having failed to provide a meaningful definition of "similar," fell short of its burden to justify production of similar claims files because the Order substantially denied plaintiff's discovery request for production. Magistrate Dolinger simply found that plaintiff was unable to meet its burden without defendants' cooperation and allowed plaintiff the opportunity to meet that burden.[5] Believing that plaintiff had indeed justified the limited discovery of one-day depositions, the Magistrate did not disregard nor did he reverse the burden of proof regarding discovery.

As indicated in the Order, Magistrate Dolinger has undertaken to decide, but has not yet determined, the propriety of production of similar claims files in facilitating the interpretation of the controverted policy terms.[6] The extent to which the request was granted—allowing plaintiff to explore on deposition the feasibility of sampling—is consistent with the dictates of Rule 26 and the case law in this Circuit.[7] *See Stonewall Ins. Co. v. National Gypsum Co.*, No. 86 Civ. 9671 (SWK), 1988 WL 96159, 1988 U.S. Dist. LEXIS 9938 (S.D.N.Y. Sept. 5, 1988) (Judge affirmed limited discovery of other claims and other insureds' claims information in action concerning ambiguous insurance policy term); *Olin Corp. v. Insurance Co. of North America*, No. 84 Civ. 1968 (S.D.N.Y. July 10, 1986) (Special Master denied motion to compel "similar claims" files in light of Judge's prior ruling that the interpretation of the insurance policy was not at issue, unlike the present case in which this Court has permitted plaintiff the opportunity to discover information which may create an issue of fact regarding the trigger of coverage), *aff'd*, (S.D.N.Y. Dec. 19, 1986); *Maryland Casualty v. W.R. Grace*, No. 83 Civ. 7451 (S.D. N.Y. March 4, 1986) (Magistrate held that

---

**5.** Unigard argues that it has fully complied with plaintiff's inquiries by submitting an affidavit which, by Champion's own admission in its reply affidavit, fully sets forth all of the information necessary for determining whether production of a sampling of "similar claims" files was possible or unduly burdensome. Unigard supports this contention with the fact that the Magistrate acknowledged that there were "limited exceptions" to those defendants who have not offered meaningful evidence about their claims files systems. Nonetheless, scrutiny of Champion's reply affidavit reveals that Unigard has not offered complete evidence nor has it addressed the procedures that it believes are feasible for developing a limited sampling sufficient to satisfy the Magistrate's limited Order.

**6.** By ordering defendants to produce witnesses for one-day depositions, the Magistrate allows

plaintiff the opportunity to frame a discovery proposal and permits defendants to substantiate their claims of burden. Only then will the Magistrate have adequate information to competently weigh the relevance of "similar claims" files against the burden of their production. Any objections to the production of "similar claims" files is therefore premature. Accordingly, this Court will consider the appropriateness of production of "similar claims" information by primary and excess carriers when and if the Magistrate orders or denies production and objections are filed thereto.

**7.** It is immaterial to this review that other Circuits have disallowed this type of sampling. Whether I would have similarly decided this matter is not at issue because the Court is bound by the "clear error" standard when reviewing a Magistrate's nondispositive order.

document and answers to interrogatories in other claims filed against other policyholders should be produced but noting the substantial burden of production, ordered the parties to present joint or separate plans for limited production). Therefore, the Order is neither "clear error" nor "contrary to law."

*Reserve Information*

■ Plaintiff requested production of documents relating to reserves established by defendants for claims arising out of the underlying Regency Park and Larsen actions for the purposes of determining defendants' conduct or claim evaluations, including statements about coverage or the timing of coverage.[8] Finding defendants' objections of attorney-client privilege and work-product exemption unsubstantiated, Magistrate Dolinger compelled discovery.

Defendants claim that the Magistrate only considered the objections of privilege and overlooked the basic requirement of relevance and then neglected to balance relevance with likely harm. Defendants maintain that reserve information is totally irrelevant to the issue of coverage and its disclosure could only unfairly prejudice defendants. Additionally, defendants express fear that disclosure may inhibit the claims handling process in that insurance companies will be reluctant to set realistic reserves for fear of compelled disclosure in litigation. Defendants contend that the marginal relevance of reserve information is far outweighed by the harm to the individual insurance companies and the industry in general.[9]

The courts in this Circuit have both permitted and denied discovery regarding reserve information. *See, e.g., Maryland Cas. Co. v. W.R. Grace & Co.,* 83 Civ. 7451 (S.D.N.Y. March 4, 1986) (granting Grace's motion to compel reserves discovery in part); *Olin Corp. v. Insurance Co. of North America,* 84 Civ. 1968 (S.D.N.Y. December 19, 1986) (Special Master stated at oral argument that "the possible benefit of disclosing reserves in discovery is outweighed by the burden of producing the information and the effect on the sound reserves setting practices...." Tr. at 27); *Wabco Trade Co. v. Great American Ins. Co.,* 82 Civ. 4294 (S.D.N.Y. Apr. 14, 1983) (denying discovery on particular reserves documents after determining that they were privileged). Indeed, compromises have been reached. *See Stonewall Ins. Co. v. National Gypsum Co., et al.,* 86 Civ. 9671 (S.D.N.Y. Sept. 6, 1988) (denying plaintiff's request for documented reserve information but allowing plaintiff to explore the topic through depositions). All, however, have recognized the sufficient relevance in coverage cases to justify its production absent the existence of an attorney-client privilege, the applicability of the work-product exemption, or the greater burden posed by production. So too did Magistrate Dolinger.

Because Magistrate Dolinger found that defendants failed to show that the reserve documents constitute privileged attorney-client communications or that they were prepared principally to assist in litigation and because his discretion to compel production is consistent with the case law in this Circuit, the Order to produce reserve information is neither "clear error" nor "contrary to law."

## CONCLUSION

For the reasons discussed above, Magistrate Dolinger's October 31, 1989 Discovery Order is affirmed in its entirety.

SO ORDERED.

---

**8.** Plaintiff concedes that establishing a reserve is not tantamount to an admission of liability by an insurer and seeks discovery merely to investigate what statements, if any, were made about coverage. See Champion's letter to Magistrate Dolinger dated October 5, 1989 at 5.

**9.** ISLIC also contends that the specific request for reserve information was first introduced at the hearing before Magistrate Dolinger. While this alone would not defeat the request even if it were true, Champion points out that its Document Request No. 31 calls for "documents concerning your potential financial exposure resulting from the Underlying actions" which appears to include reserve information.