Edward UNDRAITIS, Joseph Undraitis, and Wilma Langloh, Plaintiffs,

v.

James LUKA and John Szanto, Defendants.

Civ. No. H 91–28.

United States District Court, N.D. Indiana, Hammond Division.

Aug. 18, 1992.

**676**

Barry D. Sherman, Hammond, Ind., for plaintiffs.

Ronald P. Kuker, Valparaiso, Ind., Kristin Mulholland, Merrillville, Ind., for defendants.

### ORDER

RODOVICH, United States Magistrate Judge.

This matter is before the court on the Motion to Compel Discovery filed by the plaintiffs on August 12, 1992. For the reasons set forth below, the motion is GRANTED.

On June 7, 1990, the plaintiffs, Edward Undraitis, Joseph Undraitis, and Wilma Langloh, were injured when their vehicle was struck after a collision between the defendants, James Luka and John Szanto. Luka is a resident of Kansas, and a complaint was filed invoking the diversity jurisdiction of this court on January 25, 1991. This matter is set for trial as a primary setting on September 21, 1992.

The plaintiffs have made repeated attempts to arrange the deposition of Luka. In a series of letters, the plaintiffs' attorney asked whether Luka would appear in Indiana for his deposition but also indicated that he would travel to Kansas to take the deposition if Luka would not agree to be deposed in Indiana. The first letter to Luka's attorney was dated July 26, 1991. After failing to receive a response to three separate letters and a number of telephone calls, on July 2, 1992, the plaintiffs sent a Notice of Deposition scheduling Luka's deposition in Hammond, Indiana on August 18, 1992. Apparently the attorneys discussed the Luka deposition at a deposition for an unrelated case, and the plaintiffs' attorney suggested splitting the cost of bringing Luka to Indiana. Luka's attorney indicated that she would discuss that offer with her insurance company, but she failed to respond to that offer. On July 31, 1992, the plaintiffs' attorney again sent a letter to Luka's attorney asking whether he would be produced in Hammond for his deposition. On August 7, 1992, Luka's attorney finally responded and indicated that she would not produce Luka in Hammond for his deposition. The letter indicated that the insurance company would not split the cost of Luka's travel expenses and "would rather pay for defense counsel's services in going to Kansas City to attend the deposition ..." (Motion to Compel, Exhibit F) The pending motion seeks an order requiring Luka to attend a deposition in Hammond.

As a general rule, a plaintiff may be required to attend a deposition in the district where the case was filed, but a defendant may insist upon being deposed in the district where he resides. This general maxim is based upon the theory that the plaintiff has chosen the forum voluntarily and should expect to appear for any legal proceedings but that the defendant is an involuntary participant. *See generally* 8 Wright and Miller, *Federal Practice and Procedure,* § 2112 at p. 409; *Farquhar v. Shelden,* 116 F.R.D. 70, 72 (E.D.Mich.1987); and *Wisconsin Real Estate Investment Trust v. Weinstein,* 530 F.Supp. 1249, 1253 (E.D.Wisc.1982).

Federal Rule of Civil Procedure 26(c)(2) permits the district court to regulate discovery by imposing "specified terms and conditions, including a designation of the time and place". It is within the discretion of the district court to determine where a deposition should be conducted

and which party should bear any travel expenses associated with the deposition. *See generally In re Standard Metals Corporation,* 817 F.2d 625, 628 (10th Cir.1987); *Thompson v. Sun Oil Company,* 523 F.2d 647, 650 (8th Cir.1975); and *Farquhar,* 116 F.R.D. at 72.

■ In the instant case, the plaintiffs have been attempting to schedule the deposition of Luka since July 26, 1991. In spite of repeated requests, Luka's attorney did not provide a definitive answer until August 7, 1992, approximately five weeks before trial. No explanation has been offered for this delay, and no valid reason was given for refusing to split Luka's travel expenses. By waiting until the eve of trial to notify the plaintiffs that Luka would not appear in Hammond for a deposition, his attorney has waived any right he may have had to require the deposition in Kansas.

■ The plaintiffs originally offered to pay one half of Luka's airfare to Hammond. In the pending motion, the plaintiffs now suggest that Luka should be required to appear at his own expense. Since the insurance company has indicated a preference for paying the travel expenses and the added attorney fees for flying its attorney to Kansas, it cannot now object to paying the entire travel expenses of Luka. The general rule requiring a defendant's deposition to be taken in his home state is intended as a convenience to the defendant and not a bargaining tool to be used by an insurance company on the eve of trial.

For the foregoing reasons, the Motion to Compel Discovery filed by the plaintiffs on August 12, 1992 is GRANTED. The defendant, James Luka, is ORDERED to appear in Hammond, Indiana for his deposition no later than August 31, 1992. The travel expenses incident to taking the deposition shall be paid by the defendant Luka.