Kim **PAYTON** and Bryan **McGilton, Plaintiffs,**

v.

**SEARS, ROEBUCK AND COMPANY** and **Sanyo Manufacturing Corporation, Defendants.**

**Civ. No. 1:90–cv–2451–JEC.**

United States District Court, N.D. Georgia, Atlanta Division.

April 22, 1993.

that the plaintiff would likely have been success-    ful in its claim.

William W. Lavigno, III, Office of William Watson Lavigno, III, Conyers, GA, for plaintiffs.

H. Sanders Carter, Jr., and Kenton Jones Coppage, Carter & Ansley, Atlanta, GA, for defendants.

## ORDER

CARNES, District Judge.

This case is presently before the Court on Plaintiffs' Motion for Leave to Amend [26], Plaintiffs' Motion to Extend Time for Discovery [29], Defendant's Motion for Protective Order [30], Plaintiffs' Motion for Leave to Amend [31], and Defendant's Motion for Protective Order [43]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that both motions for protective orders should be granted and all other motions denied.

### BACKGROUND

Plaintiffs, Kim Payton and Bryan McGilton, brought this action in the Superior Court of Fulton County seeking to recover for personal injury and property damage caused in a fire. Plaintiffs allege that the fire was caused by a television set made by Defendant Sanyo Manufacturing Corporation ("Sanyo") and sold by Defendant Sears, Roebuck and Company ("Sears"). (Compl. ¶¶ 14, 15). Defendants removed the case to this court on November 2, 1990.

### DISCUSSION

A. *Plaintiff's Motion to Amend*

Plaintiffs moved to amend their Complaint to add Sanyo Manufacturing Corporation as a Defendant, alleging that they found out during discovery that Sanyo may have manufactured the TV set involved in the fire. (Pl.'s Br. in Supp. of Mot. to Add Def. at 1).[1] By Consent Order dated January 4, 1993 [35], the Parties agreed that Sanyo would be added as a Defendant. Accordingly, Plaintiff's Motions to Amend are now moot.

B. *Plaintiffs' Motion to Extend Discovery*

■ Plaintiffs moved at the end of November to extend discovery in this action another two months. The Court has approved two previous consent orders extending discovery. Both times the Court has informed the parties that no further extensions would be allowed. Plaintiffs have offered no compelling reason for extending discovery in this action yet another time. Accordingly, Plaintiffs' motion is denied.

C. *Defendants' Motions for Protective Orders*

■ Plaintiffs noticed the deposition of several of Defendants' corporate officers pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, requesting that these depositions be conducted in Atlanta. Defendants[2] moved for protective orders against the depositions in Atlanta, arguing that deposition in Atlanta would be burdensome, as the officers in question did not reside in or conduct business in Atlanta.[3]

■ A protective order is warranted if the party from whom discovery is sought shows "good cause," such as "annoyance, embarrassment, oppression, or undue burden or expense." FED.R.CIV.P. 26(c). It is apparent to the Court that Defendants have not shown good cause to avoid the noticed depositions altogether. The only question appears to be where the depositions should be conducted.

---

1. Plaintiffs actually filed two motions to amend in this action. In the first motion [26], Plaintiffs mistakenly attempted to add Sanyo Fisher Manufacturing Corporation (rather than Sanyo Manufacturing Corporation) as a third party defendant (rather than as a defendant). After becoming aware of these discrepancies, Plaintiffs filed a second corrected motion to amend [31].

2. Sears initially filed a motion for a protective order [30]. Sanyo also subsequently filed a motion for a protective order when it was added to the case [43].

3. Sears is a New York Corporation with its principal place of business in Chicago. Sanyo is a Delaware corporation with its principal place of business in Arkansas.

■■ The deposing party ordinarily may set the place for deposition wherever that party wishes, subject to the Court's power to grant a protective order pursuant to Rule 26(c)(2) designating a different place. *See, e.g., Trans Pacific Ins. Co. v. Trans–Pacific Ins. Co.,* 136 F.R.D. 385, 393 (E.D.Pa.1991); *Farquhar v. Shelden,* 116 F.R.D. 70, 72 (E.D.Mich.1987). However, as the former Fifth Circuit Court of Appeals observed, it is "well-settled" that " '[t]he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business,' especially when ... the corporation is the defendant." *Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir.1979).[4] This general rule is based on the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum. *Farquhar,* 116 F.R.D. at 72. Thus, courts have held that plaintiffs normally cannot complain if they must take discovery at great distances from the forum. *Id.*[5]

It is apparent to the Court that Plaintiffs have produced no compelling reason to depart from the general rule requiring that a corporate defendant's agent be deposed at the corporation's principal place of business. Rather, most of Plaintiffs' arguments appear to address the question of whether the depositions should be allowed at all—something that does not appear to the Court to be at issue. Accordingly, the Court, pursuant to Rule 26(c)(2) of the Federal Rules of Civil Procedure, grants Defendants' motions for protective orders. Plaintiffs may conduct the noticed depositions, but must do so at Defendants' principal places of business.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend [26] is **DENIED AS MOOT,** Plaintiffs' Motion to Extend Time for Discovery [29] is **DENIED,** Defendant's Motion for Protective Order [30] is **GRANTED,** Plaintiffs' Motion for Leave to Amend [31] is **DENIED AS MOOT,** and Defendant's Motion for Protective Order [43] is **GRANTED.**

SO ORDERED.

4. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

5. Courts have applied this logic even where, as here, the defendant has removed the case to federal court. *Farquhar,* 116 F.R.D. at 73. In such a situation, the defendant still cannot truly be said to have chosen either to be sued or where to be sued. *Id.*