**UNITED STATES et al. v. NATIONAL CITY BANK OF NEW YORK et al.**

District Court, S. D. New York.

May 6, 1940.

John T. Cahill, U. S. Atty., of New York City (Irvin C. Rutter, Sp. Asst. to the Atty. Gen., of counsel), for the United States.

Shearman & Sterling and McClellan & Shrewsbury, all of New York City (Philip A. Carroll, Otey McClellan, and M. V. Voorhies, all of New York City, of counsel), for defendant National City Bank of New York.

Cadwalader, Wickersham & Taft, of New York City (F. Sims McGrath and Malcolm S. Langford, both of New York City, of counsel), for defendants Gaston & Co., Inc., and Daniel E. Finn., Jr., sheriff.

LEIBELL, District Judge.

This is a motion by defendant, The National City Bank of New York, for leave to cross-examine, orally, the witness, Gregory Alexanderovitch Alexieff, whose testimony defendant Gaston & Co. Inc., proposed to take upon written interrogatories in Paris, France.

All parties to the action seek an adjudication with respect to their rights to a deposit made prior to the Russian Revolution in defendant bank by All Russian Zemsky Union. Allegedly the final disposition of the action to a great extent is dependent upon a determination of the status of the All Russian Zemsky Union before its property was nationalized by the Russian Government. It appears that the witness Alexieff is in a position to testify as to this status because he was a Russian lawyer and government official before the Russian Revolution.

In support of its application, defendant bank argues that the wide scope and technical difficulties of the subjects upon which it is proposed to examine the witness on direct interrogatories make it necessary for them to have an opportunity to cross-examine orally. In addition, it is asserted that the witness has an interest in the action and it is feared that his answers to written cross-examination may be evasive or self-serving.

Under Rule 31 (d), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, the granting or the denial of the relief requested rests in the discretion of the court and I cannot say that defendant bank has shown that it is entitled to an oral cross-examination. This witness speaks English fluently. He was examined and cross-examined orally (to the extent of 800 pages) in another suit in a state court, on pretty much the same subject matter. The defendant bank will have the advantage of using that testi-

mony in preparing cross-interrogatories to this witness. Further, the bank is taking the deposition of another Russian lawyer on this issue, using written interrogatories. That witness, also, was examined and cross-examined orally in the state court action.

The purported interest of this witness, if it does exist, will weaken the value of his answer upon direct examination, thereby counteracting any failure to respond fully to the written cross. In view of the place at which the examination is to be held, Paris, France, and the expense of an attendance upon an oral examination, I think that the granting of this motion would give defendant bank an advantage which the facts presented do not warrant.

Under Rule 30 (b) designed for the protection of parties and deponents, I feel that the defendant bank should have a further proviso in the order to be entered on this motion. If the answers of the witness to defendant bank's written cross-interrogatories are evasive, incomplete, unresponsive, or contain any incompetent matters that might render them inadmissible at the trial, the defendant bank may apply to this court for an order to cross-examine the witness orally, on such terms and conditions as then may seem just and proper.

Defendant bank's motion is accordingly denied at this time. Submit order, on notice, in accordance with this memorandum.