**BARON v. LEO FEIST, Inc., et al.**

Civ. 30-112.

District Court, S. D. New York.

Oct. 21, 1946.

Phillips, Nizer, Benjamin & Krim, of New York City (Paul Martinson, of New York City, of counsel), for plaintiff.

Julian T. Abeles, of New York City, for defendants.

MANDELBAUM, District Judge.

Defendant Leo Feist, Inc., has propounded written interrogatories to three witnesses in Trinidad. Under Rule 31(a), Federal Rules of Civil Procedure, 28 U.S.C. A. following section 723c, plaintiff may within 10 days after receipt of these direct interrogatories serve cross-interrogatories on defendant.

Plaintiff, on this application seeks to deviate from this rule and requests the court for leave to serve cross-interrogatories after the receipt of the answers to the direct interrogatories.

This is a copyright infringement suit and the interrogatories propounded by defendant are the usual ones, in this type of case. Plaintiff pleads unusual circumstances in urging that the court deviate from the accepted practice.

While courts have on occasion varied from the regular practice, I am reluctant in this instance to do so, inasmuch as it may lead to a complete upset of the accepted practice in copyright cases as well as in other matters. The cross-interrogatories will be propounded in accordance with rule

31 and the answers to both the direct and cross-interrogatories are to be filed simultaneously with the court. However, in view of the alleged difficulty which plaintiff complains to be under, the court will allow plaintiff, after the filing of the answers to the direct and cross-interrogatories, if he so desires, to propound additional cross-interrogatories within five days thereafter.

 With respect to the alternative relief requested to permit oral examination of the witnesses at the expense of the defendant, the same is denied. Houghton Mifflin Co. v. Stackpole Sons, Inc. et al, D.C., 1 F.R.D. 506, 507.

Settle order on two days notice.