## WHEELER v. WEST INDIA S. S. CO.

United States District Court,
S. D. New York.
April 2, 1951.

George J. Engelman, New York City, for plaintiff.

Haight, Deming, Gardner, Poor & Havens, New York City, for defendant.

**S. H. KAUFMAN, District Judge.**

Defendant moves for an order directing the issuance of a commission to take the depositions of three witnesses in France on written interrogatories. Plaintiff opposes this application unless defendant pays the expenses of plaintiff's attorney in traveling to and from France so that he may cross-examine the witnesses orally.

This is an action under the Jones Act, 46 U.S.C.A. § 688, to recover damages for personal injuries alleged to have been sus-tained by plaintiff while he was in the employ of defendant as Second Assistant Engineer on board the S. S. Lou Gehrig. It is alleged that on August 19, 1947, the S. S. Lou Gehrig was berthed at the end of a jetty at La Rochelle-Pallice, France, and that while plaintiff was returning to his ship from a shore leave he was struck by a locomotive on an unlit viaduct that connected the jetty with the shore. It appears that plaintiff had been drinking before his trip back to the ship, but he claims that he was not intoxicated.

The persons defendant wishes to examine are French citizens who may be able to give evidence as to whether or not plaintiff was intoxicated at the time he started back to the ship. Plaintiff contends that these witnesses cannot be adequately cross-examined by means of written interrogatories on the subject of plaintiff's alleged intoxication. It is claimed that the difficulties normally encountered in framing cross-interrogatories are multiplied here because the French concept of intoxication is different from the American concept; the questions will have to be interpreted from English to French; a long time has elapsed since the occurrence of the accident; and further that the witnesses sought to be examined were interviewed in December, 1950 by defendant's counsel.

Whether or not the deposition of a witness shall be taken orally or by written interrogatories is, of course, within the discretion of the court[1], but that discretion must be exercised in a manner that will do justice to both parties. Defendant has already incurred expenses in investigating plaintiff's claim and in preparing for trial. It should not now be required to go to the expense of conducting an oral examination in France because of the alleged difficulties plaintiff will encounter in cross-examination. There seems no justification whatever for requiring defendant to pay the expenses of plaintiff's counsel in traveling to and from France merely because plaintiff wishes to conduct an oral

[1]. Fed.Rules Civ.Proc. rule 28(b), 28 U.S. C.A., provides that a commission shall be issued "on such terms and with such directions as are just and appropriate", and Rule 31(d) provides that upon good cause shown the court may order that the deposition of a witness shall not be taken except upon oral examination.

cross-examination there. Baron v. Leo Feist, Inc., D.C.S.D.N.Y.1946, 7 F.R.D. 71; Gitto v. "Italia", Societa' Anonima Di Navigazione, D.C.E.D.N.Y.1939, 28 F. Supp. 309. The cases cited by plaintiff do not support his contention that defendant should pay the travel expenses of plaintiff's attorney for attendance at an oral examination that is requested by plaintiff.

■ The issue of plaintiff's alleged intoxication on the night of the accident is not so complex that the need for an oral cross-examination is evident at this time. Plaintiff should first attempt to conduct his examination by cross-interrogatories. See United States v. National City Bank of New York, D.C.S.D.N.Y.1940, 1 F.R.D. 367; J. C. Nichols Co. v. Mid-States Freight Lines, Inc., D.C.W.D.Mo.1949, 9 F.R.D. 553, 554. After the receipt of the answers to the interrogatories, if it appears that further cross-examination is necessary, plaintiff can apply to this court for an order permitting this on such terms and conditions as may then be just and proper. This condition shall be provided for in the order.

Defendant's motion is granted. Settle order on notice.