58

Michael R. KASPER, an
individual, Plaintiff,

v.

COOPER CANADA LIMITED, a
Canadian Corporation,
Defendant.

No. 87 C 5633.

United States District Court,
N.D. Illinois, E.D.

Jan. 25, 1988.

Robert E. Wagner, Alan L. Barry, Wallenstein Wagner Hattis Strampel & Aubel, Chicago, Ill., for plaintiff.

Clyde F. William, Allan J. Sternstein, William Brinks Olds Hofer Gilson & Lione, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

ASPEN, District Judge:

Defendant Cooper Canada Limited's ("Cooper") motion to reconsider this Court's ruling denying Cooper's motion to reject Magistrate Lefkow's discovery ruling in this case is denied. Magistrate Lefkow denied Cooper's motion to vacate plaintiff's deposition notices. Before the Magistrate, Cooper objected to plaintiff Kasper's

notice of two Cooper officers for deposition in Chicago, Illinois, instead of Cooper's principal place of business in Toronto, Canada. Based on the following findings, the Magistrate ruled the depositions may be taken in Chicago: that counsel for both parties were located in Chicago; that many of the requested documents were in Chicago; and that the defendant corporation had substantial business operations in Chicago. These facts coupled with the fact that plaintiff is an individual financing the litigation on a contingent fee arrangement led the Magistrate to conclude that "justice will not be disserved by permitting the depositions to proceed as noticed."

Cooper contends that the Magistrate's ruling is clearly erroneous and contrary to law. We disagree and find *based on the record before the Magistrate* that her ruling was neither clearly erroneous nor contrary to law.

■ First, we address Cooper's position that the Magistrate's factual findings were "clearly erroneous." In support of this position, Cooper submits the affidavit of a Mr. Marten Burns to prove that none of the requested documents are in Chicago, and that Cooper does not have substantial business operations in Chicago. However, the Magistrate did not have the benefit of this affidavit, and therefore we will not consider it on appeal of her rulings. We are not to make a *de novo* determination. *See* Fed.R.Civ.P. 72(a). Thus, we examine only the information before the Magistrate to determine if her factual findings were clearly erroneous. The only information before the Magistrate was the parties' respective briefs which included Kasper's statements concerning Cooper's business dealings in Chicago:

(a) Cooper transacts a considerable amount of business in this District through large volume retailers such as Gunzo's Sporting Goods in River Forest, Illinois,

(b) Cooper has a sales distributor in Arlington Heights, Illinois,

(c) Cooper has a "repair depot" in Glen Ellyn, Illinois and

(d) Cooper has retained in this district principal trial counsel rather than merely local counsel.

(Kasper, Memo at 3).

Rather than submit any rebuttal to these factual assertions, Cooper merely stated in its reply "Cooper's minimal business contacts with Chicago (Kasper's Memo p.3) might be relevant to venue or jurisdiction, but are irrelevant in determining the location of a deposition." Additionally, although Cooper stated in its memorandum that "the documents plaintiff is requesting are located in Toronto, Canada," when Kasper suggested in response that the documents were already in Chicago,[1] Cooper did not deny this in its reply. Accordingly, based on the information before the Magistrate, we do not find her findings of fact clearly erroneous.

■ Secondly, Cooper contends that the Magistrate's ruling was contrary to law. We disagree. "In the case of depositions of witnesses who are parties to the action ... the limitations upon compelling attendance under Rule 45(d)(2) do not apply, [and] the notice may require attendance at any place." 4A J. Moore, *Moore's Federal Practice* § 30.57[7] (1987). If the place stated in the notice is inconvenient, the party whose deposition is to be taken may move under Rule 26(c) for a protective order that it be taken elsewhere. *Id.* The standard under Rule 26(c) is "good cause." "Upon motion by a party or by the person from whom discovery is sought, and for *good cause shown*, the court ... may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense...." Fed.R.Civ.P. 26(c). Cooper did not move for a protective order below and did not attempt to show good cause that it would be subjected to "annoyance, embarrassment, oppression, or undue burden or expense," by having its two corporate officers deposed in Chicago. Instead, Cooper relied on the incorrect contention of law

---

1. "[I]t is conceivable that many of the documents which respond to Kasper's Document Requests are already in Chicago given that Cooper's pending Summary Judgment Motions were submitted with various exhibits which could have only been obtained from Cooper files in Toronto." (Kasper, Memo at 3).

**60**

that corporate officers of a party *must always* be deposed at their place of business. Thus, Cooper did not present any factual evidence to the Magistrate. Nor can it do so now.

■ Based on the facts before her, the Magistrate concluded that justice would not be disserved by deposing the two Cooper officers in Chicago. We agree. In this case, plaintiff Kasper is suing to vindicate his dead father's patent. Kasper does not. have the resources of a corporation to back him in this endeavor and has only obtained counsel to pursue this matter on a contingency fee basis. Additionally, if the deposition takes place in Canada, Cooper will most likely have to pay the expenses of its Chicago counsel to be present. So, whether its two officers fly to Chicago or it two lawyers fly to Canada, the expenses to Cooper will be approximately the same, if not less with the depositions in Chicago. Finally, Cooper contends that all of the documents requested are in Canada. However, it does not indicate that production of the documents in Chicago will entail any extraordinary expense. Accordingly, we find that the Magistrate's decision that justice will be served by having the depositions in Chicago was not contrary to law. It is so ordered.