BENCHMARK DESIGN, INC., an
Oregon corporation, Plaintiff,

v.

BDC, INC., a California corporation, formerly Benchmark Design of California, Inc.; Jess Tribulato; Donald Grutzmacher; and Sterling Albert, Defendants.

Civ. No. 88–1007–FR.

United States District Court,
D. Oregon.

May 10, 1989.

Larry N. Sokol, Karl G. Anuta, Jolles, Sokol & Bernstein, Portland, Or., for plaintiff.

Robert S. Perkins, Day & Gregores, P.C., Portland, Or., for defendants.

## OPINION

FRYE, District Judge:

The matter before the court is the motion of defendants (# 32) for a protective order requiring documents to be produced and depositions to be taken in San Francisco, California and not in Portland, Oregon.

## DISCUSSION

This is an action for breach of contract and defamation. Plaintiff, Benchmark Design, Inc. (Benchmark), is a corporation which designs and manufactures kitchen cabinetry. Defendant BDC, Inc. (BDC) is a California corporation, formerly known as Benchmark Design of California, Inc. The individual defendants, Jess Tribulato, Donald Grutzmacher, and Sterling Albert, are the shareholders, officers and directors of BDC. These individual defendants allegedly operated BDC as a partnership from November 1, 1985 until August 1, 1988, during which time the corporation was suspended.

Benchmark alleges that BDC failed to pay for kitchen cabinetry ordered and delivered between November, 1985 and July, 1988. Benchmark alleges that defendants defamed it by telling customers that Benchmark had gone or was going out of business, and by blaming non-delivery of cabinetry products on Benchmark rather than BDC.

Benchmark has served a request for production of documents on all defendants, which seeks production in Portland, Oregon. Benchmark has noticed the depositions of Jess Tribulato, Donald Grutzmacher, and Sterling Albert, to take place in Portland, Oregon.

Defendants move for a protective order allowing them to produce documents and appear for the noticed depositions at the offices of defendants' San Francisco counsel. Defendants contend that the requested documents are voluminous, and that it would be expensive and inconvenient to transport the documents to Portland, Oregon. Defendants contend that all of the individual defendants reside and are employed in the State of California, and therefore it would be inconvenient for them to appear for depositions in the State of Oregon.

**512**

Benchmark responds that all parties are represented by counsel in Portland, Oregon. Benchmark contends that the cost of sending documents to the State of Oregon is not "unduly burdensome" within the terms of Fed.R.Civ.P. 26(c). Benchmark further contends that the individual defendants made repeated trips to the State of Oregon in the course of the transactions concerned in this action, and therefore it is not unduly burdensome for them to travel to Oregon for depositions.

Defendants have not responded to Benchmark's contentions. Rule 26(c) authorizes a protective order when discovery would be unduly burdensome. This requires more than some expense or difficulty, especially in the case of a party to the action. *Dart Indus. v. Westwood Chemical Co.*, 649 F.2d 646, 649 (9th Cir.1980). Defendants have made only conclusory allegations regarding expense and inconvenience.

On a motion for a protective order, the court should balance the costs and burdens to each side. It will be less expensive for defendants to send the documents to Portland, Oregon than for Benchmark to send its attorneys to San Francisco, California to inspect the documents. Similarly, it will be less expensive to take the depositions in Portland, Oregon, where both parties have counsel, than to require Benchmark to send its attorneys to San Francisco, California for the depositions.

Therefore, the court finds that the defendants have not met the requirements for a protective order under Rule 26. The motion for a protective order (# 32) is denied.