**CUSTOM FORM MANUFACTURING, INC., Plaintiff,**

v.

**OMRON CORPORATION and Omron Electronics, Inc., Defendant.**

No. 3:98–CV–139.

United States District Court,
N.D. Indiana,
South Bend Division.

Sept. 12, 2000.

Thomas C. Sopko, Brent E. Inabnit, Sopko Nussbaum and Inabnit, South Bend, IN, Paul T. Falk, Kurt D. Baer, Steven R. Johnson, Clausen Miller Gorman Caffrey and Witous, Chicago, IL, for plaintiff.

Thomas A. Carton, Randall A. Carlisle, Bullaro Carton and Stone, Chicago, IL, Jeffrey W. Henning, Stone and Moore, Merrillville, IN, David A. Sorensen, Bullaro and Carton, Munster, IN, for defendant.

### MEMORANDUM & ORDER

NUECHTERLEIN, United States Magistrate Judge.

This matter is before the court on a motion by plaintiff Custom Form Manufacturing ("Custom Form"), to compel that Rule 30(b)(6) depositions of defendants' employees take place in either Northwestern Indiana or Chicago, Illinois and not in Japan. Custom Form is an Indiana corporation, with its principal place of business in Elkhart, Indiana. It brings its suit against Omron Corporation, Omron Electronics, Inc., and Omron Takeo, Co. Ltd. (collectively "Omron") under products liability. Both Omron Corporation, and Omron Takeo are Japanese corporations with their principal place of business in Tokyo, Japan; Omron Electronics, is a Delaware corporation and wholly owned subsidiary of Omron Corporation, it has its principal place of business in Schaumburg, Illinois. Despite the origin of the parties, however, both sides are represented by counsel located in either Indiana or in Illinois.

Plaintiff has served notices of deposition on Omron pursuant to Fed.R.Civ.P. 30(b)(6). Nevertheless, Omron has refused to produce deponents, asserting instead that any depositions of its employees should take place in Japan. During a telephonic status conference, the defendants' alternatively proposed deposing their employees in Hawaii. Plaintiff has refused to accept either of the locations offered by the defendants. It is this dispute over where depositions should take place that gives rise to plaintiff's pending motion.

## I. Discussion

### A. Plaintiff's Motion to Compel

The general presumption is that the depositions of a corporation through its agents should be taken at the corporation's principal place of business. See *Thomas v. International Business Machines,* 48 F.3d 478, 483 (10th Cir.1995); *Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir.1979); *Generale Bank Nederland N.V. v. First Sterling Bank,* 1997 WL 778861, *2 (E.D.Pa.1997). Nonetheless, "the court has substantial discretion to specify the time and place of any deposition." *In re Standard Metals Corp.,* 817 F.2d 625, 628 (10th Cir.1987). And because of the court's discretion to designate the site of a deposition, "the presumption appears to be merely a decision rule that facilitates determination when other relevant factors do not favor one side over the other." *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 155 (S.D.N.Y. 1997) (citing *Mill–Run Tours, Inc. v. Khashoggi,* 124 F.R.D. 547, 550 (S.D.N.Y.1989)).

When a foreign corporation is doing business in the United States, is subject to the court's jurisdiction, and has freely taken advantage of our federal rules of discovery, exceptions to the general rule on the location of depositions are often made. Under such facts, the foreign corporation's agents are frequently compelled for deposition on American soil. *See In re Honda American Motor Co., Inc. Dealership Relations Litigation,* 168 F.R.D. 535, 541–42 (D.Md.1996) (requiring agents of a Japanese corporate defendant to be deposed in Maryland); *M & C Corporation v. Erwin Behr GmbH & Co.,* 165 F.R.D. 65, 68 (E.D.Mich.1996) (requiring a German corporate defendant's agents to appear for depositions in Detroit); *R.F. Barron Corp. v. Nuclear Fields (Australia) Pty., Ltd.,* 1992 WL 212602, *2 (N.D.Ill.1992) (requiring depositions of Dutch and Australian defendants in Chicago); *Roberts v. Heim,* 130 F.R.D. 430, 439–40 (N.D.Cal.1990) (compelling the appearance of a Swiss defendant for deposition in San Francisco). The bottom line is that a foreign corporation, subject to the in personam jurisdiction of this court, can be ordered under Rule 30(b)(6) to produce its officers, directors or managing agents in the United States to give deposition testimony. *Work v. Bier,* 106 F.R.D. 45, 52 (D.D.C.1985). In its motion to compel, Custom Form is asking that such an order be issued by the court, and that the defendants' employees designated for Rule 30(b)(6) depositions be required to travel to Indiana or Illinois to be deposed in this case.

Custom Form argues that defendants' Rule 30(b)(6) designatees should be compelled to travel to the United States because Omron has availed itself of the liberal United States federal rules of discovery throughout the course of this litigation, and therefore in fairness any depositions of the defendants' representatives should take place in the United States so that Custom Form can take advantage of the same liberal rules. Custom Form points out that in Japan a witness cannot be compelled to produce anything, and also notes that Japanese laws forbid an employee, while on Japanese soil, from disclosing any information that its corporate employer may unilaterally label as a trade secrete, even when the employee is under order of a United States Court to make such a disclosure.

In response, Omron labels the plaintiff's arguments as scare tactics; which they contend are unsupported by the record. They further assert that any of the risks associated with the differences between Japanese and United States discovery rules can be averted by stipulations relating to the conduct of the deposition agreed upon in advance of any of the requested depositions.

What defendants' suggestion fails to take into consideration, however, is that if the depositions do take place in Japan, this court's authority to intervene, if it should become necessary, is compromised whether there are stipulations or not. First, the court's authority would be compromised by sovereignty issues if depositions took place in Japan, rather than in the United States. "If a federal court compels discovery on foreign soil, foreign judicial sovereignty may be infringed, but when depositions of foreign nationals are taken on American or neutral soil, courts have concluded that comity concerns are not implicated." *In re Honda American*

*Motor Co., Inc.,* 168 F.R.D. at 538 (citing *In re Anschuetz & Co.,* 754 F.2d at 608 n. 13). Second, the court's authority is compromised by distance. Without a federal judge or magistrate in Japan, it would be difficult to resolve discovery disputes that might arise in this matter. Accordingly, the court must conclude that the best way to protect the discovery process in this case, and the best way to avoid sovereignty issues that might otherwise arise, is to compel that the Rule 30(b)(6) depositions of defendants' employees take place in the United States.

The Seventh Circuit affirmed a similar conclusion in *Afram Export Corp. v. Metallurgiki Halyps, S.A.,* 772 F.2d 1358 (7th Cir. 1985). There the circuit court reviewed a district court's decision to compel the president of a Greek steel corporation to appear for a deposition in either New York or Milwaukee, and it found that the district court did not abuse its discretion. The court weighed a number of factors in its decision: the absence of a special showing of hardship on the part of the Greek company; the time and expense required for the plaintiff to travel to Greece; and the absence of a federal judge or magistrate in Greece, making it difficult to rule on objections. The same factors come out in favor of the plaintiffs in this case, further supporting the court's ruling that the motion to compel depositions in the United States should be granted.

■ In opposing the plaintiff's motion, the defendants also suggest that depositions should take place in Japan because the plaintiff has yet to identify the specific employees that it wishes to depose under Rule 30(b)(6). This is a minor issue and beside the point. Rule 30(b)(6) does not impose the obligation of choosing the specific individual to be deposed on the plaintiff, but rather requires the corporate defendant to choose the employees to be deposed.[1] 8A *Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil* 2d § 2130. Consequently, the fact that the plaintiff has failed to name the particular Omron employees it wishes to depose is consistent with the discovery rule. Even more important, the fact that plaintiff has failed to specifically identify the Rule 30(b)(6) deponents adds no support to defendants' arguments that depositions should be held in Japan. The law and facts persuade the court that depositions must take place in the United States.

The next question is where in the United States the depositions should take place. Two locations have been suggested by the respective parties: plaintiff asks the court to compel that the depositions take place in Northwestern Indiana or Chicago; the defendants have suggested Hawaii as a compromise location.

■ In *Kasper v. Cooper Canada Ltd.,* 120 F.R.D. 58 (N.D.Ill.1988), an Illinois district court considered the fact that defense counsel was located in Chicago and ordered the Canadian deponents to travel to Chicago for depositions. *Id.* at 60. The court reasoned that the expenses would be the same for the defendant whether it brought its corporate officers to Chicago or its Chicago lawyers to Canada. *Kasper* makes it clear that the travel expenses of the deponents are not the only relevant expenses considered in determining the site of a deposition. The travel expense of counsel is also relevant. Here, when the court looks at the location of the parties' attorneys and the likely travel costs that would be incurred as the result of their transport to the suggested deposition locations, it finds that reasoning similar to that applied in *Kasper* is relevant to the case at hand.

In this case plaintiff has hired counsel from two law firms, one firm located in Chicago, Illinois and the other located in South Bend, Indiana. Omron has also contracted attorneys with offices in Chicago, Illinois and Northwestern Indiana. For that reason the plaintiff suggests either Chicago or Northwestern Indiana as the most cost efficient

---

**1.** The specific language of Rule 30(b)(6) provides in relevant part: "A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify."

location for the depositions at issue. The court agrees. As in *Kasper*, Omron would have similar travel expenses whether it transports its counsel to Japan, or its Japanese corporate deponents to Chicago or Northwest Indiana. On the other hand, designating Chicago, or Northwest Indiana as the site of the depositions would substantially decrease the travel costs of counsel on both sides of this litigation. The savings are even greater when compared to transporting all parties and counsel to Hawaii for depositions. While Hawaii might offer a better climate, it is a location that has nothing to do with this case, it is inconvenient, and it would add considerably to the travel and lodging expenses of all parties.

Corporate defendants are frequently deposed in places other than the location of their principal place of business, especially when the deposition site is the forum most convenient to all parties and that which best serves the general interests of judicial economy. *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y.1985). Granting plaintiff's motion to compel depositions at the Indiana or Illinois location would require fewer of the participants involved on both sides of this matter to travel; this, in turn, would cut costs and provide an economic benefit to all. Accordingly, the court finds that justice will be best served by compelling the depositions of defendants' employees in either Chicago or Northwest Indiana.

### B. Cost of Discovery

Finally, in responding to plaintiff's motion to compel, Omron argues that if the motion to compel is granted, plaintiff should, in turn, be required to pay the cost of the discovery it seeks. One means of dealing with disputes caused by depositions in foreign countries is through orders providing that a party bear all or a portion of expenses incurred because the deposition is held in the locale chosen by that party. *R.F. Barron Corp. v. Nuclear Fields (Australia) Pty. Ltd.*, 1992 WL 212602, *1 (N.D.Ill.1992) (citing *Sugarhill Records, Ltd. v. Motown Record Corp.*, 105 F.R.D. at 172; *Yannitelli v. Navieras De Puerto Rico*, 103 F.R.D. 413,

417 (S.D.N.Y.1984); *Huynh v. Werke*, 90 F.R.D. 447, 449 (S.D.Ohio 1981)).

In considering who should bear the costs of depositions the court should keep in mind that the federal rules are to be construed to secure the just, speedy and inexpensive determination of every action. *Fed.R.Civ.P.* 1. In *Triple Crown America, Inc. v. Biosynth AG*, 227886, *4 (E.D.Pa. 1988) the court concluded that the most effective means of furthering the intent of the rules was to require plaintiff to reimburse defendant for all reasonable costs associated with the travel, and lodging of deposition witnesses. *Id.* at *4. This court has considered imposing the same requirement here, but finds that the more equitable solution under the facts of this case is to divide the cost of witness transportation and lodging equally between plaintiff and defendants, requiring each side to pay half of the reasonable costs.

Either of the other suggested locations, Japan or Hawaii, would result in travel and lodging expenses for both the plaintiff and the defendants. The court finds that no legitimate purpose would served if one side or the other receives a windfall by being relieved entirely of all travel expenses associated with the disputed depositions.

Moreover, discovery always carries the risk that it will be abused. Requiring that the plaintiff and defendants share in the cost of the deposition witnesses' lodging and travel should deter all parties from unduly prolonging or taking unnecessary discovery. See *Triple Crown America, Inc. v. Biosynth AG*, 227886, *4 (E.D.Pa.1988). Sharing the costs should promote efficiency in accomplishing the discovery necessary to this case. *Id.*

### II. Conclusion

For all of the above-reasons, plaintiff's motion to compel [Dkt. No. 82] is **GRANTED**, and defendants are hereby ordered to make the deponents requested by plaintiffs pursuant rule 30(b)(6) available for deposition in either Chicago, Illinois or Northwestern Indiana at the earliest convenience.

It is further ordered that plaintiff will reimburse defendants for half of the reasonable costs associated with the travel and lodging of Omron's Japanese witnesses during the ordered depositions.

**SO ORDERED.**