UNITED STATES of America, Plaintiff,

v.

$160,066.98 FROM BANK OF AMERICA, Account Number # 10898–14613, $103,245.42 from Bank of America, Account Number # 24694–10468, $80,000.00 from Bank of America, Cashier's Check # 2012063192, $51,000.00 Wells Fargo Bank Cashier's Check # 0953012961, $25,000.00 in U.S. Currency, $16,246.32 from Bank of America, Account Number # 09485–01362, $11,229.67 from Wells Fargo Bank Account Number # 0953–043726 $171.97 from Bank of America, Account Number # 10740–02624, Defendants.

No. 99CV2067–LAB.

United States District Court, S.D. California.

July 5, 2001.

Rupert A. Linley, U.S. Attorneys Office, Southern District of California, Civil Division, San Diego, CA, for plaintiff.

Richard M. Barnett, Law Offices of Richard M. Barnett, San Diego, CA, for defendants.

## ORDER DENYING CLAIMANTS' MOTION FOR PROTECTIVE ORDER

BURNS, United States Magistrate Judge.

This matter is before the court on a Motion For Protective Order ("Motion") by claimants Iffat Zahid and Sajid Sharfi to require Plaintiff the United States of America to take their depositions in person in Pakistan or telephonically from California

rather than in person in San Diego, California as noticed. Plaintiff filed opposition, and claimants filed a reply. The court finds the issues appropriate for decision on the papers and without oral argument, pursuant to Civil Local Rule 7.1(d)(1). After careful consideration of the papers submitted, and for the reasons set forth below, the Motion is *DENIED*.

## I. BACKGROUND

The United States government filed its civil Complaint for Forfeiture against eight *in rem* currency and bank fund defendants on September 23, 1999, alleging they are proceeds from sales of counterfeit Microsoft software involving claimant Zahid Hussain, among others.[1] On October 29, 1999, Zahid Hussain, his wife Iffat Hussain, and a third claimant, Sajid Sharfi, purported to be Zahid Hussain's father and a resident of Pakistan, each filed a claim in response to the Complaint, demanding the return and restitution of the monies and claiming the right to defend the action as "owner, agent of the owner, and/or bailee" of defendants. Dkt Nos. 5, 6, 7. Zahid Hussain and Iffat Zahid resided in Orange County, California at the time the Complaint was filed.

On January 3, 2000, this action was stayed pending the conclusion of state criminal proceedings in San Diego County Superior Court against Zahid Hussain and other individuals. Zahid Hussain fled the jurisdiction prior to trial and remains a fugitive from the California criminal charges. Opp. 2:15–16. All the other defendants in the criminal action either pled guilty or were found guilty at trial. Iffat Zahid remained "here until September of 2000." Reply 4:6–7.

Sajid Sharfi claims ownership of the defendants $160,066.98, the cashier's check in the amount of $80,000, and the cashier's check in the amount of $51,000, on grounds the checks are payable to him and he is purportedly a signatory on the named account. Opp. 2:20–23. Iffat Zahid claims one-half of all the

---

1. Approximately one month later, plaintiff propounded interrogatories and requests for production of documents. Opp. 2:8–9. The claimants acknowledge no responses to that discovery have yet been provided, through "oversight." Reply 2:26. Claimants' stated intention now to belatedly respond to interrogatories and document production requests propounded approximately twenty months ago does not advance Plaintiff's quest to identify and fix the evidence claimants can personally provide and to assess their credibility as witnesses.

defendant property as her community property interest in the income of Zahid Hussain. Opp. 2:25–28. Claimants' counsel represents Zahid Hussain "will not be further pursuing his claim." Mot. 2:20–21. Plaintiff acknowledged: "Claimant Zahid Hussain is expected to withdraw his claim, but has not yet done so." Opp. 2:20–21.

The stay in this action was lifted on November 30, 2000. Dkt No. 16. On April 20, 2001, this court granted plaintiff leave to file an unopposed First Amended Complaint.[2] Dkt Nos. 23, 24, 27. On April 23, 2001, plaintiff noticed the depositions of Zahid Hussain, Iffat Zahid, and Sajid Sharfi for May 2, 2001 in San Diego, California. All three claimants now purportedly reside in Pakistan. Mot. 2:23–24. Prior to the noticed deposition date, claimants' counsel communicated his intent to seek judicial relief regarding the venue and manner of those depositions. Reply 5:10–12. The deponents did not attend their May 2, 2001 depositions. Opp. 2:14–15; Reply 2:11–12.

The instant motion is brought on behalf of claimants Iffat Zahid and Sajid Sharfi only. *See* Mot. Caption. If they do not prevail in procuring an order that the depositions occur in Pakistan, the moving claimants propose as alternatives to in-person depositions: (1) telephonic appearances, with the deponents in Pakistan and counsel in San Diego; or (2) reserve the deposition of Sajid Sharfi until immediately prior to trial to "reduce the costs to claimant Sharfi in defending this case"; and (3) depose Iffat Zahid through written questions pursuant to FED.R.CIV.P. 31. Reply 7:16–25.

## II. DISCUSSION

### A. *Legal Standards*

Federal Rule of Civil Procedure 26 provides, in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought, . . . and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . .
>
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of time or place;
>
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; . . .

FED.R.CIV.P. 26(c).

■ The burden is on the person seeking the protective order to demonstrate good cause. *Wilson v. Olathe Bank,* 184 F.R.D. 395, 397 (D.Kan.1999). "On a motion for protective order, the court should balance the costs and burdens to each side." *Benchmark Design, Inc. v. BDC, Inc.,* 125 F.R.D. 511, 512 (D.Or.1989). "A district court has wide discretion to establish the time and place of depositions." *Hyde & Drath v. Baker,* 24 F.3d 1162, 1166 (9th Cir.1994) (finding no abuse of discretion in ordering the depositions of Hong Kong corporations to occur in San Francisco, where the corporations had filed suit and should expect to appear, and upholding dismissal of the complaint as a discovery sanction for failure to appear after the deponents disregarded prior orders to appear for depositions in Hong Kong).

### B. *Claimants Are Parties Prosecuting Claims In This District, Involving Property Deposited In This District Arising Out Of Business Conducted In This District, And Are Properly Compelled To Appear Here*

#### 1. *Claimants In Forfeiture Actions Are "Parties"*

■ "Courts have departed from the fiction that the property itself is the party in an *in rem* action." *United States v. Banco Internacional/Bital S.A.,* 110 F.Supp.2d 1272, 1279 (C.D.Cal.2000) (citing *Burns Bros. v. Central R.R.,* 202 F.2d 910, 913 (2nd Cir. 1953)) (concluding the parties (the government and a civil forfeiture claimant) in an *in rem* proceeding were the same as in a suc-

---

**2.** The parties have consented to the jurisdiction of the undersigned Magistrate Judge for all purposes in this case. Dkt No. 12.

cessive *in personam* suit). The claimant in an *in rem* proceeding, although not technically a party, is the same "in substance" in the *in rem* proceeding as in an *in personam* proceeding brought against the person. *Id.* (citing *B & B No. 10 v. Olsen*, 121 F.2d 704 (2nd Cir.1941)). This court finds the claimants in this case are parties to this action for purposes of resolving discovery disputes.

### 2. *Parties Litigating In This District From An Extra–Territorial Base Must Foreseeably Return To This Venue In The Course Of The Litigation*

A deposition notice is all that is needed to require the attendance of parties at their depositions. "[A]n 'examining party may set the place for the deposition of another party wherever he wishes subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place.' " *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D.Mich.1987) (citation omitted) (granting a protective order to defendant, a citizen of the Netherlands, that plaintiff depose him in the Netherlands).

■ "While a court may order a defendant to appear at any convenient place, case law indicates that 'it will be presumed that the defendant will be examined at his residence or place of business or employment.' " *Farquhar*, 116 F.R.D. at 72 (citations omitted). In the absence of special circumstances, "a party seeking discovery must go where the desired witnesses are normally located." *Id.* Underlying that general rule "appears to be the concept that it is plaintiffs who bring the lawsuit and who exercise the first choice as to the forum. The defendants, on the other hand, are not before the court by choice. Thus, courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum." *Id.*

■ The court finds "special circumstances" exist in this case to depart from the general rule that a plaintiff may expect to depose the defendant at the latter's "residence or place of business." *See Farquhar*, 116 F.R.D. at 72. The claims in this action involve money accumulated in this district through business transactions which occurred here and which remains on deposit here. Iffat Zahid and Sajid Sharfi have elected to pursue their restitution claim within the forfeiture action brought by the United States. The court is not persuaded by the two moving claimants' attempt to distinguish themselves from the parties in *Hyde & Drath* and *Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333 (N.D.Ind.2000) on grounds they "themselves" did not conduct business in California. *See* Reply 5:3–4, 6:26–27 ("claimants have not elected to conduct business affairs nor maintain duly registered principal place of business in either this district, or for that matter, this country"). There appears to be no dispute that the monies at issue in this case were derived from business conducted here by Zahid Hussain, who remains at this time formally a claimant. It is the income from Zahid Hussain's business while he and Iffat Zahid resided in this district, against which she purports to make her community property claim. Opp. 2:27–28. Claimant Sajid Sharfi asserts he was a signatory on certain of the named accounts and that certain of the named checks were made payable to him. It may reasonably be imputed from those facts that he elected to have business affairs for his benefit conducted here and that he participated in the selection or approval of deposit accounts. Each claimant accordingly professes a legal interest in the proceeds of business conducted in this district.

Parties joining litigation subject themselves to the jurisdiction of the court where the action is filed. They take advantage of the federal rules of discovery and rely on the jurisdiction's administration of justice. In such circumstances, "exceptions to the general rule on the location of depositions" are not uncommon. *See Custom Form Mfg.*, 196 F.R.D. at 336 (finding, in the corporate context: "When a foreign corporation is doing business in the United States, is subject to the court's jurisdiction, and has freely taken advantage of our federal rules of discovery, exceptions to the general rule on the location of depositions are often made"). These claimants selected the venue for the business transactions giving rise to this action and where to deposit the *in rem* defendants. Their return to this district for deposition, on

balance, is more reasonable, safer, less costly, and more efficient than the alternative of conducting the depositions in Pakistan.

### 3. *Plaintiff's Good Cause Shown To Conduct The Depositions In Person, In San Diego, Outweighs Claimants' Cost, Convenience, And Efficiency Arguments For A Deposition Venue In Pakistan*

The court finds dispositive Plaintiff's substantiation that the United States government has issued a security warning for Americans considering travel to Pakistan.[3] Opp. Ex. "B". "An order for depositions in Pakistan effectively forecloses the depositions of Claimants entirely, since safety reasons rule out travel to Pakistan by Plaintiff's counsel and the handwriting expert." Opp. 4:19–21. The court declines to order American citizens at this time to undertake such a journey to conduct civil discovery.

■ Even were travel to Pakistan safe, the court finds claimants have not made an adequate showing to prevail on the protective order Motion. Only *"undue* burden or expense" provides a potential basis for relief from legitimate discovery demands. *See* FED.R.CIV.P. 26(c) (emphasis added). "Undue" burden requires parties to show more than expense or difficulty. *See, e.g., Benchmark Design,* 125 F.R.D. 511 ("Rule 26(c) authorizes a protective order when discovery would be unduly burdensome. This requires more than some expense or difficulty, especially in the case of a party to the action") (citing *Dart Indus. v. Westwood Chemical Co.,* 649 F.2d 646, 649 (9th Cir.1980)).

■ Claimants argue they should be permitted to have their depositions taken in Pakistan because otherwise they face two lengthy round trips to California in a single year: one for depositions and a second for trial: "Should this matter proceed to trial, claimants will have to attend the trial and thus travel to San Diego a second time within the same year." Mot. 5:2–3. Claimants substantiate round trip airfare between Karachi,

Pakistan and San Diego, California costs between $3,031 and $4,712 per person. Mot. 4:28, Ex. "A". Claimants attempt no showing of inability to afford that expenditure due to impecuniousness.

Claimants further argue they would be considerably inconvenienced, representing "the trip to San Diego from Pakistan takes four (4) days each direction" and requires the traveler to "take at least four separate planes." Mot. 5:10–12. Although the claimants do not convert the travel schedule across several time zones into actual travel time, the court finds the nine representative itineraries provided as Motion Exhibit "A" do not support the "four days each direction" and " at least four planes" representations. Options 1, 2, 3, 7, 8, and 9 show just three legs, each nonstop, each direction. None of the nine options would require more than three plane changes and none exceeds three itinerary days each direction. Options 4, 5, and 6 actually indicate departure availability one date with arrival the following date, both directions, with just two legs each way, or four days *round trip.* Claimants accordingly overstate the travel burden when they assert "eight days" of travel as the unavoidable norm.

The burden and expense to the government, were the court to order claimants' depositions to proceed in Pakistan, are legitimate considerations. "[T]he travel expenses of the deponents are not the only relevant expenses considered in determining the site of a deposition. The travel expenses of counsel is also relevant." *Custom Form Mfg.,* 196 F.R.D. at 337 (citing *Kasper v. Cooper Canada Ltd.,* 120 F.R.D. 58 (N.D.Ill.1988)). *See also Farquhar,* 116 F.R.D. at 72 ("While the location of the parties themselves is a primary factor, locations of their attorneys is also a relevant consideration") (citing *Haymes v. Columbia Pictures Corp.,* 16 F.R.D. 118, 123 (S.D.N.Y.1954)). All counsel of record in this matter are located in San Diego. Plaintiff contends a handwriting expert needs to be present at the depositions

---

**3.** The May 14, 2001 "Travel Warning" provides, in pertinent part: "The Department of State warns U.S. citizens to evaluate carefully the implications for their security and safety before deciding to travel to Pakistan. [¶] Information received by the U.S. Government suggests a continued need for vigilance on the part of American citizens resident in, or traveling through, Pakistan..... [¶] Events in the Middle East have increased the possibility of violence...."

while claimants complete handwriting exemplar cards.[4] Assuming, without deciding, such a procedure is permissible and justified in this case, that expert would constitute yet another person traveling to Pakistan. The court observes that a court reporter from this jurisdiction familiar with the rules of the court and authorized to record testimony would be another likely, if not indispensable, attendee. Accordingly, at least double the expenditure for travel and lodging would likely accompany a Pakistan venue compared to a San Diego venue. Plaintiff further represents depositions in Pakistan would require the transporting of approximately 5,000 documents.

In addition, the court considers claimants oversimplify the logistics of conducting the depositions in Pakistan. For example, they observe: "[T]here is absolutely no reason the Court cannot rule on any controversies under any of claimants' proposed deposition schemes." Reply 5:12–14. Claimants' proposal that the court remain on telephone standby fails to account for significant time zone differences. Moreover, they substantiate no confirmation that reliable technical facilities will be readily available for such undertakings as international conference calling, and the like.

The court finds claimants' inconvenience and expense associated with the prosecution of their claim in this district were foreseeable, are not "undue," and do not outweigh the government's burden, expense, safety risks, and compromised effectiveness should the depositions be ordered to go forward in Pakistan or by telephone, or by any of the other means claimants propose. On balance, the claimants' good cause showing in support of a protective order does not outweigh Plaintiff's showing in support of the need to conduct the depositions in San Diego.

4. Claimants assert: "Plaintiff asserts it 'will need to get Claimants to fill out handwriting exemplars in the presence of a handwriting expert'.... Plaintiff has cited no authority for requiring handwriting exemplars during the course of a deposition, as there is [none]. Nor has plaintiff established any need for such exemplars." Reply 4:9–12. The issue is not briefed, and the court expresses no opinion on this incipient dispute.

### 4. None Of The Alternative Methods Claimants Propose Would Satisfy Plaintiff's Particular And Legitimate Need For In–Person Depositions

#### a. Depositions Via Telephone

Plaintiff has made a particularized showing why converting the depositions to telephonic would be prejudicial to its forfeiture case. See Jahr v. IU Intern. Corp., 109 F.R.D. 429 (M.D.N.C.1986) (placing the burden on the party opposing telephonic deposition after a showing of legitimate reasons for taking a deposition telephonically); Rehau, Inc. v. Colortech, 145 F.R.D. 444 (W.D.Mich. 1993) (approving of telephonic depositions and requiring the party opposing to come forward with a particularized showing why that party would be prejudiced thereby); Cressler v. Neuenschwander, 170 F.R.D. 20 (D.Kan.1996) (requiring justification for resisting telephonic deposition and a showing of prejudice). Plaintiff seeks, among other things, to observe these witnesses and to substantiate their identities. Opp. 3:2–5. Plaintiff questions the very existence of Sajid Sharfi as well as his standing as a bona fide claimant in the absence of evidence that he had "any contact whatsoever with the Defendant accounts and cashier's checks."[5] Opp. 3:2–3. The underlying facts involve allegations of fraud. The government prevailed in its criminal prosecutions associated with Zahid Hussain's business transactions. Plaintiff emphasizes the particular need in this case for authentication of documents, including a need to secure a signature exemplar in the presence of its expert witness.[6] Opp. 3:20–21. The claimants will be required to prove the legitimacy of their claims to the res. Sajid Sharfi must substantiate his formal connection and entitlement to the subject funds. Exhibit creation and authentication are a reasonably anticipated component of that inquiry.

5. "Plaintiff believes that neither of the Claimants had any contact whatsoever with the Defendant's accounts and cashier's checks and indeed may not be the people they claim to be. In any event, the Claimants are either fictitious alter egos of Hussain, or are controlled by him." Opp. 3:2–5.

6. See fn. 4, above.

These circumstances add extra weight to the need for in-person depositions. A telephonic deposition would prevent Plaintiff from gathering such evidence. Counsel would be further disadvantaged without the opportunity "to see the witness and to evaluate the witness' demeanor, facial reactions and expressions." *Arrocha v. McAuliffe*, 109 F.R.D. 397, 402 (D.D.C.1986) (holding in a Title VII employment discrimination case that the disparity and ability of counsel to examine and evaluate witnesses which would result if depositions occurred in the Republic of Panama, precluding plaintiffs' counsel from attending in person and requiring him to participate by telephone, could not be approved). If claimants' deposition testimony were to substitute for personal appearances at trial, as the claimants' aversion to travel suggests could happen, the opportunity to make a thorough record during the depositions is even more critical.

Finally, the court finds its authority would be compromised in this case by the remoteness of a deposition venue in Pakistan, even leaving aside the question whether special arrangements would be required through the host country's government or judicial system. It would be logistically difficult and inefficient to resolve disputes that may arise in the course of that discovery without a federal judge or magistrate in the country applying the rules applicable to the litigation in this jurisdiction. The court's authority to intervene in the foreign nationals' depositions abroad could be similarly compromised, particularly as the underlying facts involved alleged criminal conduct. *See Custom Form Mfg.*, 196 F.R.D. at 336–37. The delays associated with attempted deposition objection rulings at such great distances risk disjointing and prolonging unreasonably the conduct of those depositions.

#### b. *Deposition Immediately Before Trial*

Claimants' proposed option that Sajid Sharfi's deposition testimony be reserved until immediately before trial does not address Plaintiff's need to conduct fact-finding discovery and witness assessment for purposes of preparing its case. A deposition of Sajid Sharfi on the eve of trial falls short of a reasonable alternative. Moreover, it appears Sajid Sharfi may not have been to California before. Mot. 2:16. The moving papers raise reasonable doubt regarding Iffat Zahid's intentions with respect to a trial appearance regarding a trial appearance, and the representation that Zahid Hussain will be withdrawing his claim, color the court's perception regarding the intentions of all the claimants. *See* section II.B.6, below.

#### c. *Deposition Through Written Interrogatories*

■ Claimants suggest that Iffat Zahid be deposed through written interrogatories rather than orally. "A party may take the testimony of any person, including a party, by deposition upon written questions ...." FED.R.CIV.P. 31(a)(1). "Whether or not the deposition of a witness shall be taken orally or by written interrogatories is, of course, within the discretion of the court [ ], but that discretion must be exercised in a manner that will do justice to both parties." *Wheeler v. West India S.S. Co.*, 11 F.R.D. 396, 397 (S.D.N.Y.1951) (footnote omitted).

Deposition by written questions involves advance preparation of the exact questions to be read to the deponent by an authorized officer recording the sworn testimony in person. FED.R.CIV.P. 31(a)(3); *see also* FED.R.CIV.P 31(b)[7], 30(c)[8]. Leaving aside

---

**7.** "A copy of the notice and copies of all questions served shall be delivered by the party taking the deposition to the officer designated in the notice, who shall proceed promptly, in the manner provided by Rule 30(c), (e), and (f), to take the testimony of the witness in response to the questions and to prepare, certify, and file or mail the deposition, attaching thereto the copy of the notice and the questions received by the officer." FED R.CIV.P. 31(b).

**8.** Rule 30(c) provides in pertinent part: "The officer before whom the deposition is to be taken shall put the witness on oath or affirmation and shall personally, or by someone acting under the officer's direction and in the officer's presence, record the testimony of the witness.... In lieu of participating in the oral examination, parties may serve written questions in a sealed envelope on the party taking the deposition and the party taking the deposition shall transmit them to the officer [before whom the deposition is to be taken], who shall propound them to the witness and record the answers verbatim."

the logistics of sending or obtaining a court reporter for purposes of taking the testimony in Pakistan, the court finds in these circumstances a written question deposition would be inadequate for the same reasons telephonic depositions are not a reasonable substitute for in-person proceedings. Moreover, the type of testimony to be elicited from claimants in a forfeiture action does not appear to lend itself to advance formulation of follow-up questions. The court finds Plaintiff has demonstrated a convincing need for the physical presence of both deposing counsel and the claimants at their depositions.

### 5. *The Court Need Not Reach International Procedural Issues*

The parties raise additional considerations associated with the conduct of depositions in foreign countries under the FED.R.CIV.P. 28(b) process for depositions in foreign countries pursuant to applicable treaties, conventions, or letters rogatory. Opp. p. 4; Reply pp. 5–6. The court finds it need not reach those issues, as the Motion is denied.

### 6. *Claimants Are Admonished To Promptly Formalize Any Change In Their Status*

Claimants assert Zahid Hussain will be withdrawing his claim. In addition, the Motion raises the reasonable inference that Iffat Zahid may not intend to return to this district for any purpose associated with pursuing her claim. She is apparently the mother of three children, ages five years, three years, and six months. Mot. 5:15–16. Claimants represent, on the one hand, they "will have to attend the trial." Mot. 5:2–3. On the other hand, they state with respect to Iffat Zahid: "It **will simply be impossible** to leave her children for a minimum of ten to twelve days twice within a year, *let alone once.*" Mot. 5:16–17 (emphasis added). Curiously, in their Reply, claimants rephrase that characterization while reinforcing the inference that Iffat Zahid may not intend to pursue her claim: "It **will simply be impossible** [for Iffat Zahid] to leave her children for a minimum of ten to twelve days once, *let alone twice* in the same year." Reply 3:23–25 (emphasis added). Iffat Zahid "**could simply not be away from her children for the time it would take to attend her depo-**

sition here in the United States, which requires travel four (4) days each direction." Reply 4:22–23 (emphasis added).

The court admonishes any and all of these claimants who do not intend to press their claims through trial to abandon their claims promptly and formally to avoid waste of government and judicial resources.

### III. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1. Claimants' Motion For Protective Order is *DENIED;*

2. The parties shall proceed immediately to coordinate new date(s) for the taking of the depositions of Iffat Zahid and Sajid Sharfi in San Diego, California, as previously noticed;

3. The August 31, 2001 discovery deadline applicable to the completion of claimants' depositions remains in effect; and

4. Counsel for claimants shall forthwith formally regularize the status of Zahid Hussain, and any other claimant who will not be pursuing his or her claim in this action, by withdrawing him or them as a claimant(s) and shall produce each remaining claimant for deposition.

**IT IS SO ORDERED.**